**In re Wayne Anthony JOHNSON and Wendell Yvette Johnson, Debtors.**

**Bankruptcy No. 89–00701.**

United States Bankruptcy Court,
District of Columbia.

June 18, 1990.

David B. Tatge, Ginsburg, Feldman & Bress, Washington, D.C., trustee.

Donald Wheeler Jonz, Washington, D.C., for debtors.

## DECISION ON MOTION TO REOPEN CHAPTER 7 CASE

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtors' motion to reopen this case under 11 U.S.C. § 350 will be denied because reopening is unnecessary to accord the debtors relief.

The debtors filed a statement of intention under 11 U.S.C. § 521(2)(A) with respect to their car which secured a consumer debt owed to GMAC, stating that the debtors would "keep & continue regular mo. pymts." Their schedules reveal that the monthly payments were current when the case was filed. The debtors' discharge was entered on January 5, 1990. The debtors failed to reaffirm GMAC's debt.

■ The debtors state in their motion to reopen that they desire to surrender the car and to discharge all remaining pre-petition debt on the car including all deficiencies, interest, fees and other costs that might be asserted because of the surrender. They apparently view their statement of intention as making them liable for the obligation secured by the car. The debtors fail to state what they would file to attempt to undo that liability if the case were reopened. But that is of no moment because their premise that a liability exists is erroneous. Under 11 U.S.C. § 521(2)(B) the debtors were required "within 45 days after the filing of [t]he notice of intent ... [to] perform [their] intention with respect to such property," but that statute specifies no sanctions for failure to perform the stated intention: nondischargeability of the debt involved is surely not one of the consequences as Congress would have specified such an extraordinary remedy. The statement of intention here failed even to state that the debtors intended to reaffirm the debt. It has been held that to retain possession of property, debtors need not redeem collateral or reaffirm a debt when payments owed on the debt are current. *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989).

■ Even if the debtors could be viewed as having stated they intended to reaffirm the debt, the result does not change. A statement of intent to reaffirm is not the same thing as reaffirming the debt itself pursuant to the stringent provisions of 11 U.S.C. § 524(c). Thus, whether the debtors stated an intention to reaffirm or not, the personal liability of the debtors on the debt has been discharged, although the car itself

remains subject to GMAC's lien. See 11 U.S.C. § 523(a)(1) and (2).

Because the discharge already acts to discharge the debtors' personal liability for the debt secured by the car, there is no reason to reopen this case.