**In re Michael Edward GREEN, Debtor.**

**Bankruptcy No. 88–5–2873–SD.**

United States Bankruptcy Court, D. Maryland.

June 26, 1990.

Raymond Blummer, Glen Burnie, Md., for debtor.

Ronald S. Canter, Wolpoff and Abramson, Rockville, Md., for Sears, Roebuck & Co.

## MEMORANDUM DECISION DISMISSING CASE

E. STEPHEN DERBY, Bankruptcy Judge.

Debtor filed his Chapter 7 petition on October 5, 1988. Sears, Roebuck & Co., a secured creditor in consumer goods, wrote to debtor's attorney on October 28, 1988, requesting that debtor make a statement of intention with regard to Sears' security interest under 11 U.S.C. § 521(2), which requires that an individual debtor with secured consumer debts file such a statement within thirty days after filing, or on or before the meeting of the creditors if earlier. That section also requires a debtor to perform his intention within forty-five days after filing the notice of intent. Section 521(2)(C) states that nothing in these two requirements should be construed in derogation of a debtor's substantive rights under the Code.

Sometime after October 28, Sears' and debtor's attorneys discussed the possibilities of a reaffirmation of the debts or a redemption of the property. Sears sent a proposed reaffirmation agreement dated December 9, but it was never returned. Sears moved to require debtor to file a statement of intent, and the motion was granted on March 7, 1989. The order required debtor to file the statement within fourteen days from the date of the order, and debtor's discharge was delayed pending the filing of the statement.

Debtor never complied with the order. Debtor has not provided this Court or Sears with any reason for its failure to comply with the order. Sears now moves to dismiss debtor's Chapter 7 petition.

There appears to be no reason not to grant Sears' motion. Although Section 707(a) of the Bankruptcy Code does not list failure to comply with Section 521(2) as a reason for dismissal, the list of what constitutes cause included in Section 707 is not intended to be exhaustive, but only illustrative. 1 Norton Bankruptcy Law and Practice, § 15.01 (1989 Supp.). Furthermore, Sears makes a reasonable argument that it does fall within one of the specifically envisioned illustrations. In § 707(a)(1) cause is illustrated by "... unreasonable delay by the debtor that is prejudicial to creditors; ...". Sears argues that the inordinate length of debtor's delay, combined with non-recoverable costs which will be involved in the eventual sale of the property, has prejudiced it.

Sears did not file a complaint objecting to debtor's discharge under 11 U.S.C. § 727(a)(6)(A) (failure to obey a court order) before the bar date for such a complaint. Therefore, it relies solely on the § 521(2) violation in its motion under § 707(a) and Bankruptcy Rules 1017(d) and 9014. Considering the lack of law on dismissals under this section, Sears has marshalled arguments. Collier has suggested that failure to comply with § 521 should result in dismissal barring refiling in some cases. *See* 3 Collier on Bankruptcy, Paragraph 521.09(A)(4). (15th ed. 1989). See also, *In re Eagle*, 51 B.R. 959 (Bkrtcy.N.D. Ohio 1985), which examines the legislative purpose of the section as an attempt to force a compromise between debtor and secured creditor. Where the creditor has made efforts to negotiate and debtor has ignored these efforts, and has disobeyed a court order, Sears argues dismissal is an appropriate sanction. See *Matter of Bayless*, 78 B.R. 506, 509 (Bkrtcy.S.D. Ohio

**74**

1987), where the court noted that debtors who fail to comply with § 521(2) do so "... at their own peril", although the court did not state what was that peril.

Dicta in one opinion of this court noted, *inter alia,* in a somewhat analogous situation that "... the Debtor may be required to file a statement of executory contracts to which it is a party. 11 U.S.C. §§ 365, 521(2).... If Upland fails to perform its required duties, this court is empowered to dismiss its petition. 11 U.S.C. §§ 303(j), 1112(b); Bankruptcy Rule 120." *In re Macon Uplands Venture,* 2 B.R. 435, 442 (Bkrtcy.D.Md.1979).

In *In re Elicker,* 100 B.R. 180, 182 (Bkrtcy.M.D.Pa.1989), a lift stay proceeding, the court noted that the notice sent by the clerk's office provides that if a debtor's schedules and statements, including the statement of intent, are not filed within the required time limit after filing, "... an order will be entered to show cause why the case will not be dismissed."

Neither debtor nor his attorney appeared for the hearing on Sears' motion for dismissal on July 11, 1989. Debtor has not sought to explain any defense it may have to this motion or his dilatory behavior. Considering debtor's behavior and the extreme delay to which Sears has been subjected, dismissal is appropriate.

ORDER DISMISSING CASE ON REQUEST OF A PARTY IN INTEREST AND NOTICE THAT AUTOMATIC STAY IS TERMINATED

Upon consideration of the motion to dismiss filed by Sears, Roebuck & Co. for the reasons stated in a Memorandum of Decision Dismissing Case filed herein, and it appearing that cause exists for this case to be dismissed pursuant to 11 U.S.C. § 707(a) it is this 26th day of June, 1990, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the above-referenced Chapter 7 case be and hereby is dismissed subject to Section 109(g)(1) of the Bankruptcy Code which prohibits a new filing by an individual for 180 days; and it is further

ORDERED, That the automatic stay imposed by 11 U.S.C. § 362(a) is terminated, and all creditors and parties in interest are so advised.