**In re Warren L. TAYLOR, Jr., SSN: 257–31–4853, Cathy L. Taylor, SSN: 256–33–9214, Debtors.**

**Bankruptcy No. 91–10150–ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

March 20, 1992.

Henry C. Custer, Albany, Ga., for debtors.

K. Alan Dasher, Albany, Ga., for Albany Government Employees Federal Credit Union.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

Warren and Cathy Taylor (hereinafter referred to as "Debtors") filed a petition under Chapter 7 of the Bankruptcy Code on February 20, 1991. Albany Government Employees Federal Credit Union (hereinafter referred to as "AGE") holds a first lien on two vehicles owned by the Debtors. In their Chapter 7 Statement of Intention accompanying the petition, Debtors stated their intent to retain the two vehicles, but failed to state whether they would reaffirm the debts on the vehicles or redeem the property. AGE filed a Motion to Compel Debtors to Comply with 11 U.S.C. Section 521 requesting that the Debtors indicate whether they intend to reaffirm the debt or redeem the collateral. Prior to the hearing scheduled for the motion, the parties agreed to stipulate to the facts and brief the legal issue of whether 11 U.S.C. § 521 requires Debtors who wish to retain collateral to indicate whether they will be reaffirming the debt or redeeming the collateral. Both parties submitted briefs to the court. The court, having considered the briefs, stipulation of facts and argument, now renders this memorandum opinion. For the reasons stated herein, the court finds that the Debtors cannot retain the collateral without either reaffirming the debt or redeeming the property.

The parties stipulated to the following facts. Debtors entered into two separate loan agreements with AGE. On May 16, 1990, Debtors entered into a loan agreement with AGE which is secured by a 1991 Chevrolet S–10 pickup truck. As of the date of filing, the principal amount owed on this loan was $7,928.63. The parties stipulated that the value of the vehicle securing the loan on the date of filing the bankruptcy petition was $8500.00. On September 9, 1990, Debtors entered into a second loan with AGE secured by a 1985 Chevrolet Caprice Classic. As of the date of filing, the principal amount owed on this loan was $2,172.11. The parties stipulated that the value of this vehicle securing the loan as of the date of filing was $3,100.00.

At the time of filing their Chapter 7 petition, Debtors were current on their monthly payments to AGE under the terms of both loan agreements. Debtors retain possession of both vehicles and continue to make the monthly payments called for under the contracts with AGE.

Debtors filed a Chapter 7 Statement of Intention with their petition wherein they indicated an intent to retain both vehicles securing AGE's loan. However, Debtors failed to indicate whether they intend to reaffirm the debts with AGE or to redeem the vehicles. At the § 341(a) first meeting of creditors, Debtors stated that they did not intend to sign a reaffirmation agreement with AGE on the two vehicles and did not intend to redeem the collateral. Debtors stated their intent was to retain the vehicles and continue making the monthly

payments under the terms of the loan agreements. AGE is willing to enter into a reaffirmation agreement with the Debtors. Debtors refuse to execute that reaffirmation agreement or any other reaffirmation agreement with AGE.

11 U.S.C. § 521 provides, in part:

The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if ap-

plicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property

11 U.S.C. § 521.

■ Reaffirmation of a debt is the negotiation of a new agreement between the debtor and the holder of claim whereby the debtor assumes personal liability of the debt that would be discharged in the bankruptcy proceeding. 11 U.S.C. § 524(c) governs reaffirmation agreements between debtors and creditors.[1] A debtor may redeem collateral by paying to the creditor the amount of the secured claim or the fair market value of the collateral, whichever is less. 11 U.S.C. § 722 governs redemption of collateral.[2] Section 722 of the Bankruptcy Code applies in this case because the Chapter 7 Trustee filed a no-asset report and abandoned all scheduled property.

The issue presented to the court is whether the debtors may retain the vehicles securing AGE's loan and maintain current payments under the notes without reaffirming the debts or redeeming the collateral. AGE argues that § 521(2)(A) man-

---

**1.** 11 U.S.C. § 524(c) provides:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to an extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within

sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of recision to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

**2.** 11 U.S.C. § 722 provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

dates these Debtors to choose among one of three options:

(1) retain the collateral and reaffirm the debt;

(2) retain the collateral and redeem the vehicles; or

(3) surrender the collateral.

In this case, AGE argues that because the Taylors intend to retain the vehicles, they must choose to enter into a reaffirmation agreement or to redeem the vehicles. Debtors argue that § 521 does not limit them to the three options asserted by AGE. Debtors assert that because they are not in default under the loan documents, § 521 gives them a fourth option of retaining the collateral without reaffirming the debt or redeeming the property.

The court finds no binding authority from the Eleventh Circuit Court of Appeals on this court on this issue. Debtor and AGE cited persuasive authority to the court in support of their respective positions. Several courts, including the Seventh and Tenth Circuit Courts of Appeals, have addressed the issue and reached different conclusions.

The Tenth Circuit Court of Appeals in *Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir.1989) held that the bankruptcy court, under the facts of the case, had discretion to permit a debtor to retain collateral without reaffirming or redeeming where the debtor remained current on the debt. The Tenth Circuit stated:

> [A]lthough we regard as mandatory the provisions of Code § 521(b), we do not believe those provisions make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property. When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of retention.

*Id.* at 1547. Thus, where the debtor is not in default under the contract, the debtor could retain the property without reaffirming or redeeming and the debtor's failure to make an election did not give the credi-

tor an automatic right to repossess the collateral.

The Seventh Circuit Court of Appeals in *Matter of Edwards,* 901 F.2d 1383 (7th Cir.1990) declined to follow the reasoning set forth by the Tenth Circuit in *Lowry.* The Seventh Circuit, under a similar factual situation, held that the language of 11 U.S.C. § 521 is mandatory and "§ 521 requires a debtor to chose between the reaffirmation, redemption or surrender of property abandoned from the estate or exempted from discharge." *Id.* at 1387. In reaching its conclusion, the Seventh Circuit determined that the reasoning in *Lowry* was not consonant with the plain language of the Bankruptcy Code. *Id.* at 1386. The *Edwards* court found that the language of § 521 was mandatory and that the alternatives outlined in § 521 were to be performed within the period of time specified in the statute.

In *Matter of Horne,* 132 B.R. 661 (Bankr. N.D.Ga.1991), Judge Drake, in addressing this issue, stated:

> This Court thinks that the better view, and one that is consistent with the wording of the statute, is that Debtors, if they intend on retaining the property, must choose one of the alternatives set forth in § 521(2)(A).... If Debtors intend on remaining current in their obligations under the contract, they may negotiate a reaffirmation agreement with the creditor. Allowing retention of the property without reaffirmation or redemption would be tantamount to forcing the creditor into a de facto reaffirmation agreement with no recourse against the debtor.... Furthermore, the debtors would have no incentive to keep the property in good condition or to continue making payments if the value of the collateral declined below the amount of the debt or was destroyed. Such an arrangement is contrary to the language of the Code.

*Id.* at 663 (citations omitted).

The court, having considered the facts of this case and the authority cited by both parties, finds that § 521 gives the Debtor only three options. The Debtor may surrender the collateral, retain the collateral

and reaffirm the debt, or retain the collateral and redeem the property. The court does not believe that § 521(2)(A) gives debtors a fourth alternative of retaining the secured property when the debtor is not in default under the contract. The court believes that Congress, in passing § 521(2)(A), did not intend for these Debtors retain the collateral without stating whether they will reaffirm the debt or redeem the property. 11 U.S.C. § 524 sets forth the limitations on parties entering into reaffirmation agreements, and the court is of the opinion that allowing the debtor to retain the collateral without redeeming or reaffirming is inconsistent with the intent of Congress under § 521.

■ Having found that the Bankruptcy Code requires the Debtors to state their intention, the court believes that it has the authority under § 105 to enforce the provisions of § 521. The court in *In re Chavarria*, 117 B.R. 582 (Bankr.D.Idaho 1990), stated:

> The Court is convinced that it has the implied, if not express, authority to enter orders respecting the debtor's duty to state and perform a statutory intention as required by the Bankruptcy Code. To find that because there is no express enforcement language in Section 521 the Court is without power to enter an order in favor of the secured creditor would effectively frustrate the function of the statute. While the Code dictates that the trustee may enforce the statement of intention, 11 U.S.C. § 704(3), a trustee is not the only interested party in such matters. Should the secured creditor be required to seek a court order compelling the trustee to take action against a debtor to enforce the statement of intention? This would be an oddly inefficient system indeed.

*Id.* at 585. § 105(a) of the Bankruptcy Code grants the Bankruptcy Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Pursuant to this code section, the court finds that it has the authority to compel the Debtors to comply with § 521(2)(A) of the Bankruptcy Code.

The loanliner agreement signed by the debtors in this case contains an "ipso facto" clause which states, "You will also be in default if you become insolvent, declare bankruptcy or die." AGE argues that the existence of this provision does not affect the issue presented to the court. AGE asserts that it is requesting the court to enter an order compelling the debtors to comply with § 521, not an order for relief from the automatic stay based on the Debtor's default under the contractual terms. Debtor argues that the "ipso facto" clause found in the loanliner agreement is invalid pursuant to § 365(e) of the Bankruptcy Code. 11 U.S.C. § 365(e) provides, in part:

> (e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> > (A) the insolvency or financial condition of the debtor at any time before the closing of the case;
> > (B) the commencement of a case under this title; or
> > (C) the appointment of or taking possession by a trust in a case under this title or a custodian before such commencement.

11 U.S.C. § 365. § 365 applies only to executory contracts. This court is of the opinion that the loanliner agreement entered into between the Debtor and AGE is not an executory contract. Therefore, the invalidation provision of § 365(e) does not apply to the case at bar. In addition, AGE does not assert that the Debtors are in default under the terms of the loan agreement.

For the reasons stated herein, the court finds that § 521(2)(A) of the Bankruptcy Code gives the Debtors three options. If the Debtors choose to retain the two ve-

 

hicles securing the loan with AGE, they must state whether they intend to reaffirm the debt or redeem the property. Pursuant to § 105(a) of the Bankruptcy Code, the court finds that it has the authority to order the Debtors to comply with the provisions of § 521(2)(A).

In the event the Debtors choose to enter into a reaffirmation agreement with AGE, the court will direct that a hearing be scheduled pursuant to § 524(d) because an order granting the Debtors discharge was previously entered.

An order in accordance with this memorandum opinion will be entered.