In re Aida **BRACAMORTES,** Debtor.

In re Rita **MORSE,** Debtor.

**Bankruptcy Nos. 93–13839–H7, 93–10884–H7.**

United States Bankruptcy Court, S.D. California.

April 22, 1994.

Rita Morse, in pro. per. debtor.

David S. Brower, Leibowitz & Constantino, Santa Ana, CA, for Sears.

### MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether a purchase money secured creditor may compel a debtor to file his statement of intention pursuant to 11 U.S.C. § 521(2)(A). A secondary issue is whether a purchase money secured creditor may compel a debtor to amend a statement of intention already filed in accordance with this section.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to § 157(b)(2)(A).

### FACTS

Debtor Bracamortes purchased optical wear, jewelry, and household goods from Sears Roebuck & Co. ("Sears") using her Sears credit card. Bracamortes filed her Chapter 7 petition on December 14, 1993. Debtor Morse purchased jewelry and household goods from Sears using her Sears credit card. Morse filed her Chapter 7 petition on October 4, 1993. Both debtors omitted Sears from their Statement of Intention. On March 9, 1994, Sears moved to compel the debtors to file an amended statement of intention that included Sears. Sears has filed similar motions against other debtors in the past.

## DISCUSSION

■ If an individual debtor's schedule of assets and liabilities includes consumer debts secured by estate property, the debtor shall "within thirty days after the date of the filing ... file with the clerk a statement of his intention with respect to the retention ... of such property, and, if applicable, ... that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." 11 U.S.C. § 521(2)(A). The statement of intention may be amended. Bankruptcy Rules of Federal Procedure 1009(b). The debtor may request an extension of time for filing the statement; the time for amendment may be similarly extended.

■ The requirements of § 521(2) are mandatory. "There is no room within the direct language of the section to presume otherwise." *Lowry Federal Credit Union v. West,* 882 F.2d 1543, 1545 (10th Cir.1989). The issue to be addressed, however, is what are the consequences of the debtors' failure to comply? Should the court compel the debtor to comply or are other remedies available to the creditor?

Sears urges the court to follow *In re Chavarria,* 117 B.R. 582 (Bankr.D.Idaho 1990). In *Chavarria,* the court exercised its authority under § 105 to enforce the provisions of § 521. The court stated:

> The Court is convinced that it has the implied, if not express, authority to enter orders respecting the debtor's duty to state and perform a statutory intention as required by the Bankruptcy Code. To find that because there is no express enforcement language in Section 521 the Court is without power to enter an order in favor of the secured creditor would effectively frustrate the function of the statute.

*Id.* at 585. *Accord In re Taylor,* 138 B.R. 1018, 1022 (Bankr.M.D.Ga.1992).

■ The court declines to compel the debtors to amend their statements of intention under the authority of its equitable powers pursuant to § 105. The primary purpose of § 521(2) is one of notice. 3 *Collier on Bankruptcy* ¶ 521.09, at 521–48 (15th ed. 1994). The statute was intended to give creditors information regarding their property without the hassle of having to reach the debtor's attorney or engage in unauthorized communication with a pro se debtor. *Id.* Section 521(2)(A) and (B) explicitly state a time period in which the debtor shall give that notice and perform with respect to a creditor's property. The burden is on the debtor to act accordingly or to move for an extension of time.

■ However, there is nothing in the statute which suggests that the time periods are anything more than procedural guidelines. *See* 11 U.S.C. § 521(2)(C). Neither the duty to file nor the time limitations affect the debtor's substantive rights with respect to the property. Thus, when the debtor fails to comply with § 521(2)(A) or (B), the expiration of those time periods can serve as a signal to the creditor that it may be time to take action to enforce its lien rights against the collateral. The creditor may move for relief from stay to foreclose upon its collateral; alternatively, the creditor may wait until the debtor has been granted a discharge under § 524 and pursue its in rem rights against the collateral under state law. *See Chandler Bank v. Ray,* 804 F.2d 577 (10th Cir.1986); *In re Hagemann,* 86 B.R. 125 (Bankr.N.D.Ohio 1988).

In addition, a motion to compel the debtor to file or amend its statement of intention may be used as a strong arm tactic by a creditor to pressure the debtor into reaffirming a debt. A pro per debtor is especially susceptible to thinking it must reaffirm the debt to avoid some unknown consequences. Once the debt is reaffirmed, the creditor can conveniently withdraw its motion to compel, leaving the facts and circumstances unknown to the court unless the debtor schedules a reaffirmation hearing. To avoid this possibility, the court concludes that the better alternative is to place the burden on the creditor to move forward with the enforcement of its lien rights.

## CONCLUSION

For these reasons, the court will not compel the debtor to file either a statement of intention or an amendment to a statement of

intention already filed in accordance with the statute. This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052.