**In re James Daniel SMITH, Connie Sue Smith, Debtors.**

**Bankruptcy No. 94–30625(3)7.**

United States Bankruptcy Court, W.D. Kentucky.

May 9, 1994.

Joseph S. Elder, II, Louisville, KY, for debtors.

Thomas L. Canary, Jr., Louisville, KY, for movant GMAC.

*MEMORANDUM*

DAVID T. STOSBERG, Bankruptcy Judge.

This matter comes before the Court on the Debtors' Response to GMAC's Motion to Terminate the Automatic Stay as to a Nissan automobile. The Debtors have requested a hearing on GMAC's Motion.

The Debtors' statements fail to set forth sufficient grounds for a hearing on GMAC's motion to terminate stay. The Debtors simply state that they have been past due on the account, but can catch up the payments within a reasonable time. Section 521(2)(B) of the Bankruptcy Code provides that within forty-five days after filing a notice of intent, the debtor *shall* perform his intention with respect to such property. 11 U.S.C. § 521. The Debtors have had ample time to "catch up" their payments and reaffirm in accordance with their statement of intentions, this case having been filed on March 8, 1994. Instead, the Debtors have continued to use the vehicle without adequately protecting GMAC, while failing to execute a reaffirmation agreement on the vehicle.

We note that termination of the stay will not prevent the Debtors from reaching an agreement with GMAC to reaffirm on the Nissan. In the meantime, however, GMAC will have the option to pursue its remedies after a two month delay.

The Court shall enter an Order this same date in accordance with the findings and conclusions of this Memorandum.

*ORDER*

Pursuant to the findings and conclusions of the Court's Memorandum entered this same date and incorporated herein by reference, accordingly, the motion of the Debtor for a hearing on GMAC's Motion to Terminate Stay is **overruled,** and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the automatic stay against GMAC is **terminated.**