### In re Steven P. TAMELING, Debtor.

### Bankruptcy No. GG 94–82989.

United States Bankruptcy Court, W.D. Michigan.

Oct. 26, 1994.

Timothy F. Johnson, Grand Rapids, MI, for debtor Steven P. Tameling.

## MEMORANDUM OPINION REGARDING CREDITOR'S MOTIONS TO COMPEL STATEMENT OF INTENTION

JAMES D. GREGG, Bankruptcy Judge.

The issue before the court is whether a purchase money secured creditor may compel the debtor to file a statement of intention under 11 U.S.C. § 521(2)(A).

Jurisdiction exists pursuant to 28 U.S.C. § 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).

### PROCEDURAL BACKGROUND

On June 29, 1994, Steven P. Tameling, "Debtor", filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code.[1] At the time the petition was filed, the Debtor also filed his Chapter 7 Debtor's Individual Statement of Intentions. In that statement, the Debtor omitted a creditor, Sears, Roebuck & Company, "Sears". On August 19, 1994, Sears filed two separate Motion[s] to Compel Statement of Intent. Sears apparently holds purchase money security interests in certain consumer goods of the Debtor.

In the past, Sears has filed many similar standard-form motions in connection with other pending chapter 7 cases before this court. In many instances, and as has occurred in this case, Sears' attorney has failed to attend scheduled hearings. In the motions now before the court, Sears has requested that this court "order the Debtors [sic] to file with this Court's Clerk a Statement of Intention as to the above secured collateral of Creditor and to grant such and other relief as is deemed equitable and just."

### DISCUSSION

Section 521(2)(A) of the Bankruptcy Code requires an individual debtor, who has sched-

---

1. Unless otherwise noted, all future statutory references are to title 11 of the United States Code, §§ 101–1330, referred to as the "Bankruptcy Code".

uled assets and liabilities for consumer debts which are secured by property of the estate, to file, within thirty days, a statement of intention regarding the retention or surrender of such consumer debt collateral.[2] Although a debtor may request an extension of time for filing a statement of intention, no extension was requested in this case.

"The requirements of § 521(2) are mandatory." *In re Bracamortes,* 166 B.R. 160, 162 (Bankr.S.D.Cal.1994) (citing *Lowry Federal Credit Union v. West,* 882 F.2d 1543, 1545 (10th Cir.1989)). However, there is nothing within the statute which provides for court enforcement when a debtor fails to list a purchase money secured creditor which holds an interest in a debtor's consumer goods. "The primary purpose of § 521(2) is one of notice[ ]" and the statute is "intended to give creditors information regarding their property without the hassle of having to reach the debtor's attorney or engage in unauthorized communication with a pro se debtor." *In re Bracamortes,* 166 B.R. at 162 (citing 3 *Collier on Bankruptcy,* ¶ 521.09A, at 521–48 (15th ed. 1994)).

Because § 521(2)(C) strongly suggests that the time periods are nothing more than procedural guidelines, "when the debtor fails to comply with § 521(2)(A) or (B), the expiration of those time periods can serve as a signal to the creditor that it may be time to take action to enforce its lien rights against the collateral." *In re Bracamortes,* 166 B.R. at 162. If a debtor fails to list a secured creditor on a statement of intention, or fails to perform a stated intention, the proper remedy is to seek modification of the automatic stay to permit the secured creditor to exercise its state law rights and remedies. *See In re Smith,* 167 B.R. 850, 851 (Bankr. W.D.Ky.1994).

This court is aware of contrary opinions whereby other courts have stated a debtor may be compelled to comply with the provisions of § 521. *See, e.g., In re Taylor,* 138 B.R. 1018, 1022 (Bankr.M.D.Ga.1992), *rev'd, Taylor v. Albany Gov't Employees Fed. Credit Union (In re Taylor),* 146 B.R. 41 (M.D.Ga.1992), *rev'd, remanded,* 3 F.3d 1512 (11th Cir.1993). Such compulsion power is premised upon § 105 which permits a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The power contained in § 105 is discretionary. For garden variety motions, such as Sears', this court declines to exercise such authority.

First, if the court orders a debtor to amend a statement of intention, other than mandating technical compliance, what purpose would be accomplished? Sears still would be required to seek modification of the stay to recover its collateral, *see* § 362(d), or wait until the automatic stay is terminated as a matter of law, *see* § 362(c).

Second, if a debtor does not comply with a subsequent court order to amend a statement of intention, should that debtor be held in contempt? This is absurd and akin to swatting a mosquito with a sledgehammer.

Third, even if a secured creditor that has an interest in consumer collateral is properly listed and a debtor fails to timely perform the stated intention, what should be done? Assuming it has power to do so, this court does not believe that it should send out the U.S. Marshal to recover the collateral. (In this district, the Marshal has more important duties than seeking to repo a washer, dryer or other household goods.)

This court agrees with those cases which state that failure to comply with § 521(2) constitutes cause to modify the automatic

---

**2.** The statutory subsection states:
  "The debtor shall—

. . . . .

  (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
  (A) within thirty days after the date of filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period

fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

. . . .

11 U.S.C. § 521(2)(A).

stay, thereby allowing a secured creditor to recover its collateral as permitted under applicable state law. *In re Weir,* 173 B.R. 682 (Bankr.E.D.Cal.1994). Such a statutory interpretation is based upon § 521(2)(C), which provides that a debtor's rights shall not be altered with regard to property which is subject of the statement of intention requirements.

Separate orders shall be entered which deny each of Sears' motions. In the future, if and when such motions are filed, the court will summarily deny the requested relief, unless abnormal or extraordinary circumstances are specifically alleged which justify a hearing.