In re SEARS ROEBUCK
& CO., Appellant,

v.

Chanel J. LAMIRANDE, Appellee.

Civil Action No. 96–40057–PBS.

United States District Court,
D. Massachusetts.

July 9, 1996.

Jeffrey A. Schreiber, Schreiber & Associates, Danvers, MA, for Appellant.

Howard M. Berger, Berger & Hyde, Andover, MA, for Appellee.

## MEMORANDUM AND ORDER

SARIS, District Judge.

Sears Roebuck appeals Judge Queenan's order denying Sears' motion to compel the debtor to file a mandatory statement of intention, pursuant to 11 U.S.C. § 521(2), with respect to property in which Sears has a security interest. Ms. Lamirande filed a statement of intention, but left her Sears purchases off the statement. Although Ms. Lamirande is represented by counsel, this appeal is unopposed. The appeal is **AL-LOWED** as explained below.

### A. Jurisdiction

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges. "Orders which are not final dispositions of an action may be immediately appealed ... if they satisfy the criteria of the collateral order exception...." *In re Continental Investment Corp.*, 637 F.2d 1, 4 (1st Cir.1980). An order is appealable under the collateral order exception if the order involves "(1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is 'unfinished' or 'inconclusive'; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion." *Id.* Whether the debtor must file a complete statement of intention is a collateral matter, completely resolved by the bankruptcy judge's order, and Sears' interest in timely notice of the debtor's intent is not capable of vindication in a final appeal. Although the bankruptcy judge's order involved some elements of discretion, it also raises important and unsettled issues of law. I conclude that this Court has jurisdiction to consider this appeal.

### B. Standard of review

As provided in Bankruptcy Rule 8013:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

On the other hand, "conclusions of law are reviewed de novo." *In re 1236 Development Corp.*, 177 B.R. 2, 3 (D.Mass.1995). Finally, exercise of discretion by the bankruptcy judge is reviewed for abuse of discretion. *See Martin v. Internal Revenue Service*, 180 B.R. 90, 92 (E.D.N.C.1994) (reviewing permission to amend proof of claim for abuse of discretion); *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 586 (9th Cir. BAP 1995) (reviewing denial of motion for contempt sanctions for abuse of discretion).

### C. Merits of the appeal

Under 11 U.S.C. § 521(2), "if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate," within thirty days after filing "the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." In the absence of exemption, then, Section 521(2) lists three options: (1) surrender the property, (2) keep the property and reaffirm the debt, thereby bringing it outside the bankruptcy proceeding, and (3) keep the property and redeem it by paying off the full debt. Further, Section 521(2)(B) provides that within forty-five days after filing, "the debtor shall perform his intention with respect to such property." Section 521(2)(C) adds that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title."

■ The statement of intention under § 521(2) is mandatory. *See Lowry Federal Credit Union v. West,* 882 F.2d 1543, 1545 (10th Cir.1989). The question which has split the bankruptcy courts, however, is what consequences flow from a debtor's failure to comply. *Id.* One bankruptcy court has granted a motion to dismiss by Sears as a remedy for the debtor's failure to file a complete statement of intention. *See In re Green,* 119 B.R. 72, 73–74 (Bankr.D.Md. 1990). Others have ordered the debtor to comply with the statute. *See, e.g., In re Kennedy,* 137 B.R. 302, 305 (Bankr.E.D.Ark. 1992).

On the other hand, four bankruptcy courts, including the one cited by Judge Queenan, have declined to compel a debtor to file or amend the statutorily mandated statement of intention. *In re Bracamortes,* 166 B.R. 160 (Bankr.S.D.Cal.1994); *In re Weir,* 173 B.R. 682, 693 (Bankr.E.D.Cal.1994); *In re Irvine,* 192 B.R. 920, 921–22 (Bankr.N.D.Ill.1996); *In re Tameling,* 173 B.R. 627, 628 (Bankr. W.D.Mich.1994). All four of these cases involved Sears. Although the statute clearly requires the debtor to file a complete statement, these courts reason that the requirement is merely a procedural one intended to give notice to creditors, and hold that the creditor's remedies for non-compliance are (1) to wait until discharge or (2) to move for relief from the automatic stay and pursue state law remedies. *See Bracamortes,* 166 B.R. at 162; *cf. In re Logan,* 124 B.R. 729, 735 (Bankr.S.D.Ohio 1991) (granting relief from automatic stay). Several of these courts express a concern that an order to compel will be used to pressure debtors into reaffirming a debt, thinking there are no other options. *See, e.g., Bracamortes,* 166 B.R. at 162; *Irvine,* 192 B.R. at 922.

Whether there are other options for the Chapter 7 debtor is really the heart of this dispute. Courts across the country have split over whether a debtor must choose and carry out one of the three options listed in § 521(2), or whether a fourth option is available. The common fourth option is keeping the property and continuing to make regular payments, but not reaffirming the debt by an agreement made pursuant to 11 U.S.C. § 524(c).

The Fourth and Tenth Circuits and many bankruptcy courts agree that the options stated in the statute are not exclusive and that a debtor who is not in default may elect to retain the property and make the payments specified in the contract with the creditor. *Lowry,* 882 F.2d at 1546 (10th Cir.) (failure to comply with § 521(2)(A) does not give a secured creditor an automatic right to repossess collateral); *Home Owners Funding Corp. v. Belanger (In re Belanger),* 962 F.2d 345, 347 (4th Cir.1992) (affirming district court's holding that "by giving notice of retention and intent to continue paying the loan according to the contract, the debtor complied with § 521(2)"); *accord In re Johnson,* 114 B.R. 799, 799–800 (Bankr.D.D.C. 1990); *In re Stefano,* 134 B.R. 824, 827 (Bankr.W.D.Pa.1991); *In re Parker,* 142 B.R. 327, 331 (Bankr.W.D.Ark.1992); *First Nat'l Bank of Union Co. v. Shubert,* 147 B.R. 618 (Bankr.N.D.Ga.1992); *In re Laubacher,* 150 B.R. 200, 203 (Bankr.N.D.Ohio 1992); *see also* 3 *Collier on Bankruptcy* ¶ 521.09A, at 521–49 to –50 (Lawrence P. King, ed., 15th ed. 1996) (section requires an election of reaffirmation or redemption only "if applicable").

The Seventh and Eleventh circuits and many other bankruptcy courts say the fourth option is not available, and are thus willing to compel election of, and action on, one of the three options. The Seventh Circuit reasoned: "Permitting a debtor to retain property while keeping up installment payments without a reaffirmation of personal liability allows a debtor to force a new arrangement on a creditor." *In re Edwards,* 901 F.2d 1383, 1386 (7th Cir.1990) (affirming bankruptcy court's order that the debtor choose between reaffirmation, redemption, or surrender); *see also In re Taylor,* 3 F.3d 1512, 1516 (11th Cir.1993) (same); *accord In re Chavarria,* 117 B.R. 582, 585 (Bankr.D.Idaho 1990) (Pappas, Bankr. J.); *In re Stevens,* 85 B.R. 854, 855 (Bankr.D.Idaho 1988) (Hagan, Bankr. J.); *In re Kennedy,* 137 B.R. 302, 304 (Bankr.E.D.Ark.1992) (Scott, Bankr. J.); *In re Griffin,* 143 B.R. 535, 537 (Bankr.E.D.Ark. 1991) (Fussell, Bankr. J.); *In re Gerling,* 175 B.R. 295, 298 (Bankr.W.D.Mo.1994); *cf. In re*

224

*Bell,* 700 F.2d 1053, 1056–58 (6th Cir.1983) (holding that debtor cannot redeem by installments under § 722).

■ I agree with the courts which have considered that the list of options in § 521(2) is not exclusive. The statutory language is the best clue to legislative intent. Section 521(2)(A) provides that a debtor *"shall* file ... a statement of his intention with respect to the retention or surrender of such property, and *if applicable,* specifying that such property is claimed as exempt, that the debtor intends to redeem such property or that the debtor intends to reaffirm debts secured by such property." (Emphasis added). While the first requirement is mandatory, the election is required only "if applicable." As Collier's treatise concluded, the term "if applicable" suggests that another option may be extant, not extinct. *See* 3 *Collier,* ¶ 521.09A at 521–49 to –50.

■ While agreeing with the bankruptcy judge as to the general availability of the fourth option, I hold that the bankruptcy judge abused his discretion by denying Sears' motion to compel without making findings as to the propriety of allowing the fourth option in this case, and by refusing to compel the debtor to at least choose between retention and surrender. The current record is unclear as to whether Ms. Lamirande wants to retain the property, whether she is current on the debt and whether there is a significant disparity between the value of the collateral and the amount of the debt. *See Lowry,* 882 F.2d at 1546–47 ("Since the debtors are current, and since nothing in the record suggest [sic] a significant disparity between the value of the collateral and the amount of the debt, the effect of [allowing retention without reaffirmation] is to put the parties where they were prior to bankruptcy."). If this debtor is current, and the collateral sufficient, the Bankruptcy Court has the discretion to deny the motion to compel election of one of the three listed statutory options. I therefore remand for this factual determination.

■ In any event, I hold that in the absence of other special circumstances the debtor must amend to elect retention or sur-

render as clearly mandated by the statute. Because this debtor is represented by counsel, there is no risk that she will be unfairly pressured into electing to surrender the property without a full understanding of her options. If necessary, the bankruptcy judge could explain to a consumer the options available to her to offset any pressure or miscomprehension.

### ORDER

The appeal is *ALLOWED* without prejudice to the decision of the Bankruptcy Court to deny the requested relief in the circumstances outlined above.