In re Joseph S. BUSHEY, Jr., Gloria
J. Bushey, Debtors.

BENEFICIAL NEW YORK,
INC., Plaintiff,

v.

Joseph S. BUSHEY, Jr., Gloria
J. Bushey, Defendants.

In re John D. and Anna
N. MARANVILLE,
Debtors.

BENEFICIAL NEW YORK,
INC., Plaintiff,

v.

John D. and Anna B. MARANVILLE,
Defendants.

Bankruptcy Nos. 96–12483, 96–13496.
Adversary Nos. 96–91168, 96–91277.

United States Bankruptcy Court,
N.D. New York.

Jan. 31, 1997.

Solomon & Solomon, P.C., Albany, NY (Douglas M. Fisher, of counsel), for plaintiff.

Matte, Pritzker & Nenninger, Glens Falls, NY (Christopher S. Nenninger, of counsel), for defendants.

Richard Miller & Associates, Albany, NY (Rudolph J. Meola, of counsel), amicus curiae.

## MEMORANDUM–DECISION AND ORDER

ROBERT E. LITTLEFIELD, Jr., Bankruptcy Judge.

The instant matter is a core proceeding and within this court's jurisdiction. A myriad of pleadings are before the court including complaints, answers, motions, replies and memoranda of law all endeavoring to answer the question of what penalty, if any, attaches to a debtor's failure to perform as required by 11 U.S.C. § 521(2)(B) *or* more generally as Judge Klein posed in the *Weir Case* 173 B.R. 682 (Bankr.E.D.Cal.1994), "Is there any bite in the Bankruptcy Code's toothless tiger", 11 U.S.C. § 521(2).

The facts are relatively simple:

1) The debtors filed a chapter 7;

2) The debtors are not current on payments to a creditor secured by personalty and have indicated no intention to retain the property; and

3) The debtors have not surrendered the personalty.

The debtors' position is that the creditor's sole remedy is to obtain relief from stay and pursue its state court remedies while the creditor believes the debtors should be compelled to perform and/or their debts should be ruled nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

Section 521 is entitled "Debtor duties." Subsection (2) reads as follows:

... (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of the petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; ...

Both subsections of § 521(2) are couched in mandatory terms ["The debtor shall"]. The troubling issues are what happens if the debtors:

1) Do not file their statement of intention; and/or

2) Do not carry out their intention once stated.

Reactions to these issues cross the judicial spectrum from *In re Green,* 119 B.R. 72 (Bankr.D.Md.1990), wherein Judge Derby dismissed the case for failure to file a statement of intentions, to the case of *In re Tameling,* 173 B.R. 627, 628 (Bankr.S.D.Cal. 1994), where Judge Gregg announced that anything more punitive than a 362 order would be "... akin to swatting a mosquito with a sledgehammer."

■ This court agrees that section 521(2)(A) conveys vital information for the court, the creditors and the trustee. More specifically, a secured creditor is informed what the debtor's desire is with regard to its

collateral and the case trustee is put on notice of any surrender possibilities. As stated in *In re Bracamortes,* 166 B.R. 160, 162 (Bankr.S.D.Cal.1994), "The statute is intended to give creditors information regarding their property without the hassle of having to reach the debtor's attorney or engage in unauthorized communications with a pro se debtor."

■ One of the mandatory obligations of section 521 is to submit an accurate statement of intentions. This simply is not an onerous task, is required by the statute and will be enforced by this court, to the extent of following the *Green* precedent if necessary. In the instant cases, the pleadings are unclear as to whether these debtors ultimately submitted necessary amendments. However, for purposes of this decision, the court is accepting the debtors' intentions as evidencing no desire to retain Beneficial's collateral or, in the vernacular of section 521, the debtors appear to have adopted the "to surrender" option.

The more difficult prong of section 521(2) is sub. B which requires the debtor to perform their stated intention within 45 days. The problems with sub. B are:

1. There is no specific penalty stated by Congress for not performing;

2. One of Beneficial's solutions, the motion to compel, causes great concern to the chapter 7 trustee that perhaps property of the estate with equity for unsecured creditors might somehow escape the trustee's grasp;

3. The only entity specifically authorized to monitor this debtor duty is the case trustee as enumerated in 11 U.S.C. § 704(3). Thus, Beneficial's standing to move to compel is cast in doubt; and,

4. By issuing an order to compel, the court may be travelling down a slippery slope leading to contempt, sanctions and the unseemly use of the United States Marshals as expressed in the *Tameling* decision, *supra.*

■ Notwithstanding the above, the court is more concerned about the equity, or lack thereof, with a debtor who voluntarily comes under the jurisdiction of this court and

at the same time is not, at least in this court's opinion, being reasonable. The Bankruptcy Code is predicated upon all parties before it being reasonable, fair and doing all that is possible to reduce, not increase, litigation. In these cases, we have debtors who are not current on secured obligations, make no effort to legitimately retain the collateral and yet do nothing to return the articles. In effect, creating a Title 11 poker game: the stakes being some inexpensive personalty vs. the state court litigation costs associated with repossession. The debtor then calls, hoping the creditor will see the stack of blue chip attorney fees and fold. Is this wrong? Yes, in that it ignores a mandatory debtor duty. Is this unreasonable? Absolutely, in that it serves no legitimate purpose and will churn litigation and costs in both the Federal as well as State courts.

This court holds that a debtor not current, and I emphasize not current, on secured obligations has an affirmative duty to do something. Possible menu choices for a non-current debtor include:

1) Challenge the underlying lien of the secured creditor pursuant to 11 U.S.C. § 522(f) or section 506(d);

2) Challenge the secured status of the creditor via an applicable objection to claim or raise the issue as an affirmative defense;

3) Attempt to reaffirm the debt pursuant to 11 U.S.C. § 524(c);

4) Redeem the collateral pursuant to 11 U.S.C. § 722; or

5) Surrender the collateral pursuant to 11 U.S.C. 521(2)(A).

If the non-current debtor endeavors to reaffirm and the creditor declines, the debtor must select another option and pursue it. If the debtor selects the surrender option, it must make the personalty available to the creditor or explain its absence. It does not have to pack up or deliver the collateral, merely make it available for pickup. In other words, be reasonable.

If the non-current debtor does not affirmatively do something, what is the appropriate penalty? Possible penance includes:

1) Compel the debtor to perform pursuant to 11 U.S.C. § 105;

2) Dismiss the case pursuant to 11 U.S.C. § 707(a);

3) Modify the stay pursuant to 11 U.S.C. § 362;

4) Render the debt nondischargeable pursuant to 11 U.S.C. § 523(a); and/or

5) Award costs and/or attorney fees to the pursuing creditor.

Judge Waldron in *In re Bayless*, 78 B.R. 506, 509 (Bankr.S.D.Ohio 1987), stated that:

... the bankruptcy laws impose a strict obligation on debtors to file complete and accurate schedules and, also, complete and accurate statements of intention. Accordingly, debtors, who, through neglect or indifference, fail to recognize the requirements of § 521(2) as a significant and integral part of filing a bankruptcy petition under Chapter 7 do so at their own peril. They further increase their peril with regard to these requirements if they fail to respond to a trustee's or a secured creditor's legitimate inquiries concerning these matters ...

This court declines to invoke section 105 for a violation of section 521(2)(B) and thus will not compel the debtor to perform or dismiss the case.

Additionally, a section 362 order, the standard remedy for a violation of section 521(2)(B), is simply not apropos under these facts. For unlike a motor vehicle situation, there would be no self-help remedy possible for this creditor attendant with any modification of the automatic stay. Such relief would simply provide transit for this problem to the state court system and then, in all likelihood, on to a local sheriff for the denouement. Such a byproduct for the filing of a voluntary petition in this court is irrational, ridiculous and, as previously indicated, totally unreasonable. However, the debtors' actions in these cases of retaining the personalty and making no effort whatsoever to surrender or pay for it falls, in this court's opinion, within the ambit of the second circuit's recent pronouncement of "willful and malicious" in *In re Stelluti*, 94 F.3d 84 (2d Cir.1996).

Judge Miner in his decision states that:

... Section 523(a)(6) provides that debts resulting from a "willful and malicious injury by the debtor to another entity or to the property of another entity" are nondischargeable. The term "willful" in this context means "deliberate or intentional."
...

... The term "malicious" means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will ... ... Malice may be constructive or implied ... Implied malice may be demonstrated "by the acts and conduct of the debtor in the context of [the] surrounding circumstances." ... *Id.* at 87.

This court makes the specific finding that the debtors' actions were deliberate and intentional, wrongful and most importantly without just cause or excuse, as such, summary judgment is appropriate. It is unclear whether in the *Bushey* case an actual motion for summary judgment was filed by Beneficial, however, the court is treating the totality of the pleadings as such a motion. The court will grant a conditional order providing for summary judgment as provided below.

This court is distressed that any amount of time be expended on this section 521 issue involving personalty. If parties did what they are supposed to do, this section of the Code would be self-executing. However, this court will not judicially look the other way when one party throws section 521 out of balance. The problem involving the personalty began in this court and, absent very good cause, the problem should be solved in this court.

Unless the debtors make the property available to Beneficial or otherwise affirmatively move to amend their section 521 statement to change their surrender intention within ten (10) days from the date of this decision, Beneficial is granted summary judgment as regards to liability under section 523(a)(6). The court would then set a further hearing to determine the value of the collateral in question and thus the amount of the damage attendant with the section 523(a)(6) judgment. The court will also adjourn to that hearing the issue of costs and

attorney fees. All motions for sanctions are denied.

It is so ORDERED.