### In re Thomas E. JONES, and Janet V. Jones, Debtors.

### In re Roger C. Hopper, and Rachel L. Hopper, Debtors.

Bankruptcy Nos. 00–43469–JSS–7, 00–43651–JSS–7.

United States Bankruptcy Court, N.D. Alabama, Eastern Division.

April 6, 2001.

Robert J. Solomon, Kenney & Solomon, P.C., Duluth, GA, for Conseco Finance Corp.—Ala. (Jones).

Lisa M. Hancock, Guntersville, AL, for Debtor (Jones).

William H. Roe, Oneonta, AL, for Debtor (Hopper).

Rocco J. Leo, Birmingham, AL, Chapter 7 Panel Trustee.

### MEMORANDUM OPINION ON DEBTORS' STATUTORILY PRESCRIBED TIME PERIOD TO PERFORM DEBTORS' STATED INTENTIONS

JAMES S. SLEDGE, Bankruptcy Judge.

The above captioned title 11 cases come before this Court on a creditor's motion to reopen the title 11 case to file a reaffirmation agreement and upon the debtors' motion for redemption. Because of the similarities of the cases and the applicable statutory law resolving the issues, this Court consolidates ruling upon the two motions in this Memorandum Opinion. Upon the following review and analysis, this Court concludes that due to the failure of the respective debtors to timely perform their statutory duty regarding their stated intentions as to property securing consumer debts, there is no relief available unto either Movant.

## FACTUAL BACKGROUND

Both joint debtor cases were originally filed as chapter 7 petitions under title 11, United States Code. In both cases, the debtors filed their Statements of Intention contemporaneously with their chapter 7 petition. The Statement of Intention filed by Mr. and Mrs. Jones, on November 9, 2000, indicated the debtors' intent to reaffirm a debt secured by property stated to be a mobile home. These debtors did not exempt such property, and the Chapter 7 Panel Trustee filed his Final Report of Trustee in No Asset Case. This Court subsequently discharged Mr. and Mrs. Jones and their case was closed. One of the Jones' creditors, Conseco Finance Servicing Corporation, now moves, by pleading filed March 16, 2001, to have the title 11 case reopened in order to file a reaffirmation agreement between the parties allegedly entered into on February 8, 2001.

 A motion to reopen a title 11 case requires a written motion requesting an order. This Court may rule upon such motion without a hearing as there is no provision or requirement for a hearing. *See* 11 U.S.C. § 350(b) and Fed. R. Bankr.P. 5010 and 9013. Without such necessity for a hearing or a request for a hearing, it is upon the sound discretion of this Court whether a hearing is required. There are no novel issues presented by this motion to reopen, and the Movant neither seeks nor requests a hearing. Therefore, this Court determines no hearing is necessary.

The debtors, Mr. and Mrs. Hopper, filed their Statement of Intention on November 27, 2000, and indicated the debtors' intent to reaffirm a debt secured by property stated to be cookware. These debtors also did not exempt such property, and the Chapter 7 Panel Trustee filed his Final Report of Trustee in No Asset Case. This Court discharged the Hoppers, but their title 11 case has not yet been closed. These debtors now move to redeem the property.

 Contrary to the provisions and procedure for reopening a case, a motion for redemption under title 11 requires a written motion requesting an order and such motion constitutes a contested matter. *See* 11 U.S.C. § 722; Fed. R. Bankr.P. 6008, 9013, and 9014. Both Rule 6008 and 9014, contain opportunity for a hearing, stated as either "after notice and a hearing" or "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Section 102(1)(A) of title 11 constructs a meaning for such phrases that "after such notice as is appropriate . . . and such opportunity for a hearing as is appropriate in the particular circumstances. . . ." This Court finds that in this particular circumstance the Movant has given appropriate notice of the requested relief by serving a copy of its contested matter requesting redemption under Section 722 of title 11 upon the opposing party. No party in interest requested a hearing, and thereby in accordance with, 11 U.S.C. §§ 102(1)(A) and 102(1)(B)(i), and upon the facts of the instant cases, this Court determines that a hearing is neither necessary, requested nor appropriate to decide the merits of the debtors' motion to redeem.

## JURISDICTION

Pursuant to 28 U.S.C. §§ 157(a), 1334(a), 1334(e), and the Standing Order of Reference in the Northern District of Alabama (Ord.Ref.N.D.Ala. July 17, 1984), this Court has original and exclusive jurisdiction to hear and determine all cases under title 11. These motions both seek an order by this Court, be it granting redemption of property securing a dischargeable consumer debt, or the reopening of a case for the express purpose of filing an agree-

ment reaffirming a debt secured by property of the estate. The order of reference in either case has not been withdrawn. This Court thereby, in accordance with 28 U.S.C. § 157(b)(1) and in application of the above, possesses original and exclusive jurisdiction to hear and determine matters concerning the administration of the estates. In accordance with 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(O) these motions constitute core proceedings in which this Court is empowered to enter appropriate orders and judgments. Venue in these title 11 cases is proper and has not been challenged in either case. *See* 28 U.S.C. § 1409(a); Bankr.L.R. 1070–1, and 1073–1(a). Thereby, this Court concludes, independently as to each title 11 case that subject matter, in personam, and in rem jurisdiction exists.

## ANALYSIS

■ The respective debtors in both Chapter 7 cases listed assets, liabilities, and consumer debts secured by property of the estate. Thereby, pursuant to 11 U.S.C. § 521(2)(A), the debtors had thirty (30) days "after the date of the filing of a petition under chapter 7 ... or on or before the date of the meeting of creditors, whichever is earlier" to file a Statement of Intention. A debtor's statement of intention under Section 521(2)(A) gives notice to all parties of the debtors' elections as to surrender, exemption, or retention, and in which manner such retention shall occur, be it by redemption, or by the reaffirmation of a debt securing such property. Rather than affording themselves full opportunity of this time period, and any potential extension, the debtors both Chapter 7 cases filed their respective Statements of Intention contemporaneous with their petition.

■ Upon the filing of a Statement of Intention regarding the debtors' intentions as to secured estate property, the debtors' statutory duties to perform began to run. Section 521(2)(B) provides the relevant language governing a debtor's statutory duty to perform the elected intentions.

> [W]ithin forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified in subparagraph (A) of this paragraph.

11 U.S.C. § 521(2)(B). The required performance necessary to accomplish redemption is the filing of a motion under 11 U.S.C. § 722. The required performance necessary to accomplish an effective reaffirmation of a debt secured by property is not only entering into and making an agreement to reaffirm which contains clear and conspicuous statutorily required language, but also having the agreement filed in court under 11 U.S.C. § 524(c)(1), (2), and (3).

In both Chapter 7 cases, neither debtors performed their stated intentions, nor sought extensions of the time period to perform within the statutorily prescribed time period. In both cases, the debtors tarried before even attempting to perform either of the two available means in which to retain possession of property securing dischargeable debt. Even assuming the self-serving allegation that the parties entered into a reaffirmation agreement, the Jones' procrastinated a full forty-six (46) days beyond the statutory time period before they attempted to reaffirm the debt, and a full eighty-two (82) days before a party moved to permit the filing of a reaffirmation agreement after the case had been closed.

■ The Hoppers, in their Chapter 7 case hesitated a mere seventy (70) days before they not only altered their stated

intention outside the allowed time period, but also sought an order granting redemption rather than reaffirmation. In both title 11 cases, there fails to be any discretion for this Court to extend a time period that has statutorily expired and thereby extinguished any redemption or reaffirmation rights held by either debtors. This leaves the Court to decide whether a debtor's statutory duty to perform an intended and elected manner of retention of property is mandatory or merely directory.

## DEBTOR'S DUTY TO PERFORM UNDER § 521(2)(B)

 The primary result of Chapter 7 liquidation bankruptcy cases is that debtors cannot retain property securing prepetition debt. To soften this result, Congress specifically afforded debtors in Chapter 7 proceedings the ability to reaffirm debts securing property of the estate or to redeem such property. *See,* 11 U.S.C. §§ 524(c), 722. Those are statutorily created rights separate and apart from any nonbankruptcy rights afforded a debtor under state law.

 A debtor in Chapter 7 can utilize the bankruptcy rights of either redemption or reaffirmation to retain property. Nevertheless, those rights have statutory limits enacted by Congress. The limit this Court is concerned with, in the cases *sub judice,* is the temporal limit, the time sensitive duty of performance.

Debtor's duties

within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph.

11 U.S.C. § 521(2)(B). Because in neither Chapter 7 case did the debtors timely per-

form, this Court must determine whether the debtors' failure precludes retention of property securing prepetition debts. Resolution of this is squarely found within statutory construction.

 Statutory construction is the drawing of conclusions which lie beyond the expression of the text. *See United States v. Farenholt,* 206 U.S. 226, 229–30, 27 S.Ct. 629, 631, 51 L.Ed. 1036 (1907). The Supreme Court states that statutes should receive a sensible construction, such as will effectuate the legislative intentions and possibly avoid an unjust or absurd conclusion. *See In re Chapman,* 166 U.S. 661, 667, 17 S.Ct. 677, 680, 41 L.Ed. 1154 (1897). The Supreme Court has recently reaffirmed its position that a statute's use of a mandatory term such as "shall" normally creates an obligation that is impervious to judicial discretion. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998); *Anderson v. Yungkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947). However, it is generally true that the reason of the law should prevail over the letter of the law. *See United States v. Kirby,* 74 U.S. (7 Wall.) 482, 486, 19 L.Ed. 278 (1868); *2 Corinthians* 3:6. Except "where the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory." *See French v. Edwards,* 80 U.S. (13 Wall.) 506, 511, 20 L.Ed. 702 (1871). Having laid the basic foundation, this Court does not decide the statutory construction of Section 521(2) upon a completely empty slate.

 The Eleventh Circuit holds that a debtor must comply with 11 U.S.C. § 521(2) because the statutory language is

unambiguous and to be read literally and narrowly. *Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512, 1516–17 (11th Cir.1993). In *Taylor*, the Circuit Court specifically found that the statutory duties placed upon debtors are mandatory.

The plain language of section 521(2)(B), which requires a debtor, within forty-five days of the filing of the statement of intention, to "perform his intention with respect to such property . . .," indicates that the debtor must perform some act with respect to the property within a specified period of time. . . .

*Taylor*, 3 F.3d at 1516. In determining that the debtor's statutory duties are mandatory, the Eleventh Circuit quoted *Lowry Fed. Credit Union v. West.*[1] In *Lowry*, the Tenth Circuit stated:

The plain English of the section requires every debtor in possession of collateral to make an election whether to retain or relinquish that property. If the debtor

decides to retain, the debtor is required to elect whether to redeem or reaffirm. The section also requires the choice be effected within 45 days no matter whether the decision is to retain or relinquish.

*Lowry*, 882 F.2d at 1545, fn. 2.

This Court knows of the split within the bankruptcy courts as well as the circuits concerning a debtor's duties and abilities under Section 521.[2] The Eleventh Circuit is well within the majority of circuits in holding that the debtor's § 521 duties are mandatory.[3] *See In re Kinion*, 207 F.3d 751 (5th Cir.2000); *Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843 (1st Cir.1998); *In re Reese*, 91 F.3d 37 (7th Cir.1996); *Taylor*, 3 F.3d at 1516–17; *cf. General Motors Acceptance Corp. v. Bell (In re Bell)*, 700 F.2d 1053, 1058 (6th Cir. 1983)(case decided before §§ 521(2) added to Code). Because *Taylor* requires a narrow and literal reading of the statutory language surrounding the debtor's manda-

---

1. 882 F.2d 1543 (10th Cir.1989).

2. There are two Circuit Courts which hold that Section 521(2) simply operates as a "noticing" provision. *See In re Boodrow*, 126 F.3d 43, 51 (2d Cir.1997); and *Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir.1992). To illustrate the problem with reading 11 U.S.C. § 521(2) simply as a "noticing" provision see the problem the Second Circuit is dealing with in their cases. *In re Sokolowski*, 205 F.3d 532 (2d Cir.2000); *In re Suarez*, 198 F.3d 234, 1999 WL 753381 (2d Cir.1999); *Boodrow*, 126 F.3d at 53, *cert. denied*, 522 U.S. 1117, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998). These problems exist not only because of the view that Section 521(2) as a mere "noticing" provision, but also because the Second Circuit further interprets the language to allow "a debtor who is current on loan obligations to retain the collateral and keep making payments under the original loan agreement" without the requisite reaffirmation agreement, redemption motion, or surrender. There are two Circuit Courts in like agreement with that analysis of *Boodrow* on retention of property yet still read the duties set forth in Section

521(2) as mandatory with inclusion of the time periods. *See In re Parker*, 139 F.3d 668, 673 (9th Cir.1998)(holding § 521(2)(A) language mandatory [the issue of § 521(2)(B) was not before the court] ); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1545 (10th Cir.1989)(". . .the requirements of §§ 521(2) are mandatory. That is obvious. There is no room within the direct language of the section to presume otherwise."). That leaves only the Third and the Eighth Circuits and the Eighth Circuit Bankruptcy Appellate Panel, all of which have yet to face application or interpretation of the provisions of 11 U.S.C. § 521(2).

3. The Eleventh Circuit also is one of the four Circuit Courts of Appeals that hold the debtor has only three choices in a Chapter 7; surrender, redemption, or reaffirmation. *See Taylor*, 3 F.3d at 1516–17 (11th Cir.); *Burr*, 160 F.3d at 847–48 (1st Cir.); *Johnson v. Sun Finance Co. (In re Johnson)*, 89 F.3d 249, 251 (5th Cir.1996); *In re Edwards*, 901 F.2d 1383 (7th Cir.1990). *See also Boodrow*, 126 F.3d at 61 (dissenting opinion, Shadur, J.)(supporting the three options expressly articulated in § 521(2)(A)).

tory duties, this Court finds the above circuit opinions persuasive as those courts also read Section 521 as unambiguous.

██ This Court must look to these persuasive opinions because the Eleventh Circuit has never addressed the statutory language of 11 U.S.C. § 521(2)(C) which reads "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title." A first glance at this statutory language would appear to render the mandatory provisions of §§ 521(2)(A) and (B) nugatory. However, Congress intended Section 521(2)(C) to preserve the rights, remedies, and privileges that the Bankruptcy Code affords the debtor or the trustee which the debtor would otherwise abolish, destroy, or render useless by the debtor's stated intention and election.[4]

██ The First Circuit in *Burr* has considered whether § 521(2)(C) should be read to require a court to decline enforcement of the mandatory duties and directives under §§ 521(2)(A) and (B).

> Following the lead of the BAP below, debtors and amicus suggest that enforcing these directives would deprive debtors of rights they otherwise enjoy, in contravention of § 521(2)(C). We disagree. Section 521(2)(C) merely acts to

make supreme over the directives of § 521(2)(A) and (B) rights conferred upon the trustee and debtor elsewhere in the Bankruptcy Code.... When this is properly understood, any appearance of self-contradiction evaporates.... Nor do we see a contradiction between 11 U.S.C. § 521(2)(C) and either the voluntary nature of redemption and reaffirmation or the automatic stay of 11 U.S.C. § 362.... But strictly speaking, debtors are never "forced" to enter into reaffirmation agreement; they can always surrender the property and be discharged of the underlying debt. Or, rather than filing for chapter 7 protection, debtor can petition to reorganize under chapter 13 and take advantage of the cram down provision available to chapter 13 petitioners. Again, we emphasize that a chapter 7 discharge is a benefit that comes with certain costs.

*Burr*, 160 F.3d at 847–48. The First Circuit reads Sub–Sections 521(2)(A) and (B) unambiguously and as in like manner with the Eleventh Circuit. Reversing the Bankruptcy Appellate Panel, the First Circuit held:

> [W]e believe that 11 U.S.C. § 521(2) unambiguously requires chapter 7 debtors wishing to retain property of the estate that secures a consumer debt to elect

---

4. A simple example of the application of the saving language in Section 521(2)(C) is that a debtor can, after filing a Statement of Intention, change his intention, as attempted by the debtors, Mr. and Mrs. Hopper. (I.e., surrender property upon which he had previously stated an intent to reaffirm the debt secured by the property, or reaffirm a debt secured by property which he intended to redeem, etc.). *See In re Crooks*, 148 B.R. 867, 872 (Bankr. N.D.Ill.1993); *In re McNeil*, 128 B.R. 603, 608 (Bankr.E.D.Pa.1991); *In re Barriger*, 61 B.R. 506 (Bankr.W.D.Tenn.1986); and *In re Eagle*, 51 B.R. 959 (Bankr.N.D.Ohio 1985)(all holding that a debtor's substantive right to choose between redemption, reaffirmation,

and surrender are not affected by § 521(2)(C)). Further, without Section 521(2)(C), a debtor could thwart the chapter 7 trustee's attempts to administer the estate. Another poignant example is that without the saving language of § 521(2)(C), although a party in interest could object to a debtor's exemptions, and even have that objection sustained, the trustee could still not administer such property to the full amount of its value. Also, without the saving language in § 521(2)(C), once the debtor stated an intent to redeem, the language in Section 722 requiring such property to first be exempt or abandoned by the trustee would be hollow, meaningless and irrelevant.

one of the retention options specified in 11 U.S.C. § 521(2)(A), and then to perform the elected option in accordance with 11 U.S.C. § 521(2)(B).

*Burr*, 160 F.3d at 849. This Court finds the analysis set forth in *Burr* by the First Circuit directly on point and of similar kind to that of the Eleventh Circuit's holding in *Taylor* and thereby adopts such holding. Congress' intent was that the failure of a debtor to timely perform the requisite duties, extinguishes the statutory right. This is because where a private right requires that a thing be done or an act accomplished, the statute is construed as being mandatory as unto those actions.

This is a harsh result since Congress has specifically empowered the debtor with the title 11 rights of redemption and reaffirmation. Due to this apparent harshness, Congress also specifically enacted within these time sensitive duties several "relief valves" instituted to protect debtors. A debtor can normally seek an extension of the time period to comply with the debtor's duty to file the required Statement of Intentions. *See* 11 U.S.C. § 521(2)(A). In the two cases *sub judice* however, the debtors filed their State-

ments of Intention contemporaneous with their title 11 petitions, thereby foreclosing the use of this "relief valve." Additionally, during the time period to perform the stated intentions, a debtor can also seek an extension of this performance time period. *See* 11 U.S.C. § 521(2)(B). Again, in neither title 11 case *sub judice* did either debtors file for extensions of this time period.

Another applicable "relief valve" is that the stated intentions do not bind debtors and they can alter those intentions anytime prior to the expiration of the time period. *See* 11 U.S.C. § 521(2)(C); Fed. R. Bankr.P. 1009(b)(a debtor can amend his intentions within the time frame provided under § 521(2)(B)). This "relief valve" is seen in the Hoppers' motion to redeem, as they now also seek to alter their stated intention of reaffirmation, to that of redemption.

Although some courts find that a conflict or ambiguity exists between § 521(2)(C) and the general enactment of § 521(2),[5] this Court refuses and refrains from searching for an ambiguity in a statute which this Court and the Eleventh Circuit

---

**5.** *See First Nat'l Bank of Boston v. Burr (In re Burr)*, 218 B.R. 267 (1st Cir. BAP 1998), *rev'd*, 160 F.3d 843 (1st Cir.1998); *Boodrow*, 126 F.3d at 50–51 (2nd Cir.); *Belanger*, 962 F.2d at 348; *In re Parlato*, 185 B.R. 413, 417 (Bankr.D.Conn.1995); *In re Weir*, 173 B.R. 682, 685 (Bankr.E.D.Cal.1994); *In re Harper*, 143 B.R. 682, 684 (Bankr.W.D.Tex.1992); *In re Irvine*, 192 B.R. 920, 921 (Bankr.N.D.Ill. 1996); *In re Mercier*, 1995 WL 404723 (Bankr.N.D.Ohio June 16, 1995); *In re Tameling*, 173 B.R. 627 (Bankr.W.D.Mich.1994). *See also* 3 Collier § 521.09A (15th Ed.1992); N. Bankr.L. & Prac. § 69:12 (2d Ed.1994). The majority of the courts finding ambiguity utilize such "finding" in order to permit the debtor to retain property without reaffirming or redeeming the property so long as the debtor remains current. In the Eleventh Circuit, that possibility is foreclosed. *Taylor*, 3 F.3d at 1516–17. However, even in those courts that allow retention, pursuant to 11 U.S.C. § 524, the debtor's personal liability upon the debt is discharged unless the debtor has performed an act of reaffirmation under 11 U.S.C. §§ 521(2) and 524(c). The debtor has no obligation "to maintain payments" on a discharged debt. Likewise, the creditor has no obligation to allow the debtor to use the creditor's property, whether or not the debtor remains "current" on a discharged debt; and has no recourse against the debtor for costs associated with replevin, repossession, foreclosure, etc. as the debtor has no personal liability upon the debt post-discharge. These issues are precisely what the Second Circuit has been dealing with in its most recent opinions regarding Section 521. In short, the debtor holds the property by some manner of adverse possession, license, tenancy in sufferance, or tenancy at will.

hold to be unambiguous on its face and thereby to be read literally and narrowly by the courts. *Taylor,* 3 F.3d at 1516–17. When a debtor fails to perform the required duties under the Bankruptcy Code, Congress statutorily and substantively, not procedurally, extinguished the statutory bankruptcy right to reaffirm or redeem.[6] As the extinguishment is statutory, it does not connote a statute of limitation procedural issue, which is an expiration of a chose in action; thereby, such does not raise a jurisdictional question. Chapter 5 of title 11, United States Code affords a debtor the right to reaffirm a debt or redeem property for a finite period of time, not thereafter.

Congress conditioned those rights upon prompt performance within a statutorily defined finite time period. Failure to perform extinguishes those rights. This is precisely what Congress substantively created regarding a debtor's title 11 redemption of property as well as reaffirmation of debts. *See,* 11 U.S.C. §§ 521(2), 524(c), and 722. If debtors fail to perform and disregard their statutory duties, the rights and interests which secured creditors possess in the property securing their debts can be "injuriously affected." The secured creditor's rights and interests in the property securing the creditor are of higher priority in bankruptcy than the trustee's,

the estate's, or the debtor's interests in the property. Thereby, the time prescription within the debtor's duties is mandatory.

Therefore, upon the foregoing review of the records in both title 11 cases, analysis, and application of statutory and case law, this Court determines that Congress explicitly rendered the time-frame upon which chapter 7 debtors' statutory rights to reaffirm and redeem cease to exist, to wits forty five days after the filing of the debtor's Statement of Intention. Congress mandated that a debtor perform the statutory duties concerning secured property through reaffirmation, redemption, or surrender or seek a time extension within a mandated and statutorily enacted terminus. Upon a debtor's failure to timely perform statutory duties or seek time extensions, then a debtor's rights of redemption and reaffirmation are extinguished and terminated. Once the time period expires, Section 521(2) extinguishes the rights, and neither a debtor, creditor, party in interest, nor this Court can resurrect a time period to facilitate the requisite performance.[7] Pursuant to Fed. R. Bankr.P. 9021, *applying* Fed.R.Civ.P. 58, this Court shall enter a separate order consistent with this Memorandum Opinion.

6. If Congress intended this to be a mere procedural issue, it would have left the timing issues to be resolved under the Federal Rules of Bankruptcy Procedure, as it did with the time periods to file objections to discharge, determinations of dischargeability of certain debts, etc. When Congress set the time period for performance, it did so substantively because whether performance occurs detrimentally impacts the property rights and interests of other parties. Such should not be left to a mere procedural noticing issue.

7. This Court, in connection with several other courts and learned treatises, is fully cognizant that debtors do not reaffirm all the debts

securing all the property(ies) or even redeem all the property(ies) which they retain after a Chapter 7. However upon the retention of property by the debtor; the enforcement, obligations, duties, rights, and protections can only be afforded unto those entitles who voluntarily and consensually enter into an enforceable reaffirmation agreement between the parties or the property has been redeemed under order of the bankruptcy court. Otherwise, there are no protections available in title 11 to enforce the "retention of property" unto or against either party, be it the debtor or the creditor.