In re Terry PETTET, Debtor.

No. 01–10190–JKC–7.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Jan. 16, 2002.

Eric Southward, Macey Chern & Diab, Indianapolis, IN, for Debtor.

### ORDER DENYING DEBTOR'S MOTION TO RE–OPEN CASE

JAMES K. COACHYS, Bankruptcy Judge.

This matter comes before the Court on the Debtor's Motion to Re–Open Case. The Court, having reviewed the Motion, now issues the following Order, wherein it denies the Debtor's Motion.

The Debtor filed a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code") on July 3, 2001. As required by Code § 521(2)(A), the Debtor filed a Statement of Intention with his bankruptcy petition, wherein he

indicated that he intended to reaffirm his debt to Beneficial Indiana Inc. ("Beneficial"), which is secured by a lien on his mobile home (the "Debt"). Following the § 341 meeting of creditors, the case was determined to be a "no asset" case, and the Debtor received his discharge on October 11, 2001. The Debtor failed to file a reaffirmation agreement by that date,[1] and the case was closed on October 31, 2001. On December 28, 2001, the Debtor moved the Court to re-open the case so that he could file his reaffirmation agreement with Beneficial. The Court must conclude that it is without authority to grant the Debtor's Motion.

Section 524(c) of the Code provides in relevant part that:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

> (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

> \*       \*       \*       \*       \*       \*

> (3) such agreement has been filed with the court . . . .

Section 524(c) has been construed to require that reaffirmation agreements be both *made* and *filed* prior to the entry of the order of discharge. *See In re Jones*, 261 B.R. 479, 484 (Bankr.N.D.Ala.2001); *In re Brinkman*, 123 B.R. 611, 612 (Bankr.

N.D.Ind.1991); *see also In re Gruber*, 22 B.R. 768, 770 (Bankr.N.D.Ohio 1982) ("Once the court has entered the order of discharge the § 524(c)(1) deadline for making such an agreement has passed."). Reaffirmation agreements entered into after entry of the discharge are unenforceable and have no legal significance. *In re Eccleston*, 70 B.R. 210, 212 (Bankr. N.D.N.Y.1986).

Significantly, the Code provides a mechanism by which a debtor may extend the time to file a reaffirmation agreement. Bankruptcy Rule 4004(c)(2) provides that the Court, upon the debtor's motion, "may defer entry of an order granting a discharge for 30 days" or to a date certain. This procedure requires that the debtor or debtor's counsel be vigilant in requesting an extension if it appears that the reaffirmation agreement will not be filed in the time allowed due to difficulties in negotiating or executing the agreement. *See Brinkman*, 123 B.R. at 613 (Bankr.N.D.Ind.1991) ("When the bankruptcy rules specifically provide such a simple and efficient tool, there should be no reason to resort to extraordinary remedies.").

Although not an issue here, the Court further notes that it will not entertain a motion to revoke the discharge order for the purpose of filing a reaffirmation agreement. Section 727(d) specifically provides that the Court will only revoke a discharge on the timely request of the trustee or a creditor and, then, only on the grounds specified. "There is no provision for the setting aside of a discharge upon

---

**1.** Apparently, counsel for the Debtor had communicated with Beneficial early in this case. The parties agreed that if the Debtor executed a reaffirmation agreement, Beneficial would reduce his interest rate, which would result in a lower monthly payment. The Debtor also alleges that he and his attorney signed a reaffirmation agreement and forwarded it to Beneficial. However, it appears that Beneficial, for an undisclosed reason, did not receive the agreement and, thus, it was not filed prior to the entry of the discharge order.

the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge." *Id.* at 612–13 (quoting *In re McQuality,* 5 B.R. 302, 303 (Bankr.S.D.Ohio 1980)); *see also Eccleston,* 70 B.R. at 213.[2]

 Based on the foregoing, the Court must conclude that the Debtor was required to file his agreement with Beneficial prior to receiving his discharge. His failure to do so cannot be cured by reopening the case now and submitting the agreement. However, the Court notes that the Debtor is not wholly without a remedy here. In *In re Leiter,* 109 B.R. 922, 926 (Bankr.N.D.Ind.1990), the court set forth three alternatives that may be available in instances in which a reaffirmation agreement was not timely filed:

> It is possible (without this Court so holding) that the Debtor could now file a new chapter 13 and accomplish his goal. *See In re Metz,* 820 F.2d 1495 (9th Cir. 1987). The Debtor cannot effect binding reaffirmation agreements with his credi-

tors as none were made prior to his discharge. [T]he Debtor can still make voluntary payments to the creditor. 11 U.S.C. § 524(f). Although this might not cure a prior default or prevent acceleration by the creditor, there would appear to be nothing wrong with the Debtor negotiating an agreement signed by the creditor only waiving prior defaults or signing an estoppel affidavit or like document, and accepting voluntary payments. Also (without this Court so holding) it might be possible for the creditor and the Debtor to enter into a novation agreement. See 22 I.L.E. *Novation;* 58 Am.Jur.2d *Novation.*

Like the *Leiter* court, this Court does not wish to approve explicitly of all of these remedies; however, assuming that they are available, the Court leaves it to the Debtor to take advantage of them.

---

2. In determining the deadline for filing reaffirmation agreements, some courts rely on § 521(2), as well as § 524(c), in their analysis. *See, e.g., Jones,* 261 B.R. at 484. Pursuant to Code § 521(2)(A), a debtor has 30 days "after the date of the filing of the petition under chapter 7 ... or on or before the date of the meeting of creditors, whichever is earlier" to file a statement of intention. Section 521(2)(B) further provides that "within forty-five days after the filing of the notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by paragraph (A) of this paragraph ...." It would appear, at first blush, that § 521(2)(B) sets forth the operative deadline for filing a reaffirmation agreement and, if applied here, the Debtor would have been required to file his agreement on or before August 16th.

However, § 521(2)(B) seemingly conflicts with § 524(c). In many cases, *e.g.,* those in

which the debtor, as here, files a statement of intention along with the bankruptcy petition, § 521(2)(B)'s 45–day deadline would run prior to entry of the discharge order. To the extent, then, there is a conflict between the two provisions, the Court is inclined to enforce the more liberal of the two. Therefore, as set forth in § 524(c), the Court holds that the date of discharge is the definitive deadline for filing a reaffirmation agreement. This conclusion is supported by the commentary for § 521(2), which suggests that the provision was not designed to limit a debtor's substantive property rights. Rather, the section was intended only as a way to ensure that the debtor, as monitored by the trustee, stays on track as a case progresses. *See* 4 COLLIER ON BANKRUPTCY, § 521.10[5] (15th Ed.2000). Thus, there is nothing to suggest that a reaffirmation agreement filed prior to discharge but after the expiration of § 521(2)(B)'s 45–day period is unenforceable.