**In re Michael Joseph LEHOSIT, Debtor.**

**No. 03–BK–00874.**

United States Bankruptcy Court, N.D. West Virginia.

May 30, 2006.

Thomas W. Kupec, Clarksburg, WV, for Debtor.

## MEMORANDUM OPINION

PATRICK M. FLATLEY, Bankruptcy Judge.

This matter came before the court on March 22, 2006, on motion of Michael Joseph Lehosit (the "Debtor") requesting the bankruptcy court to reopen his case in order to compel the trustee to abandon a lawsuit that the debtor has filed against David S. Jenks and, further, that the filing fee for the reopening be waived. Mr. Jenks opposes the motion on the grounds that the issue has previously been decided by the court. The court finds the issue suitable for decision without oral argument, and for the reasons stated herein, the court grants the debtor's motion.

## I. BACKGROUND

On March 14, 2003, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Among the assets disclosed on the debtor's schedules was "Other personal property of any kind not already listed. Guido Piunti," having a value of $5,000.00, which was exempted on Schedule C. After the Meeting of Creditors on May 8, 2003, the Chapter 7 trustee (the "trustee") appointed in the debtor's case filed a no-asset report on June 5, 2003. The case was closed on July 23, 2003, and the debtor received his discharge on the same day. The debtor, subsequent to the closing of his bankruptcy, began to pursue litigation against David S. Jenks, not Guido Piunti. The debtor moves the court to reopen his case in order to formally schedule this new lawsuit and to have the trustee either administer or abandon it.

## II. DISCUSSION

■ Section 541 of the Bankruptcy Code provides for the creation of an estate that is comprised of all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. 11 U.S.C. § 541. Legal and equitable interests include causes of action that a debtor could have asserted on the petition date even if they were not disclosed in the debtor's schedules. *Goodman v. Phillip R. Curtis Enters., Inc.*, 809 F.2d 228 (4th Cir.1987). A trustee has the right to rid the estate of property that is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554. If a trustee neither abandons nor administers a scheduled asset, the asset is deemed to have been abandoned upon the closing of the case. 11 U.S.C. § 554(c). However, property of the estate that is not abandoned and is not administered remains property of the estate. 11 U.S.C. § 554(d). Thus, if property was not properly scheduled by a debtor, it is not abandoned when the bankruptcy case is closed. *E.g., Vreugdenhill v. Navistar Int'l Transport Corp.*, 950 F.2d 524, 525 (8th Cir.1991) (holding that a debtor must formally schedule the property before the close of the case in order for such property to be abandoned pursuant to section 554(c)); *In re Hamlett*, 304 B.R. 737, 741 (Bankr.M.D.N.C.2003).

In order for a trustee to affirmatively abandon property, a trustee is required by Bankruptcy Rule 6007(a) to give notice of the proposed abandonment and an opportunity for a hearing to a number of parties, including the United States trustee and all creditors. Property may not be abandoned by the trustee unless the procedures set forth Rule 6007 are followed. *In re Reed*, decided by the Court of Appeals for the Ninth Circuit, held that the trustee's filing of a "No Asset" report may exhibit the requisite intent to abandon an asset, but the report in and of itself cannot result in abandonment unless the court closes the case and the property is then deemed abandoned under section 554(c). 940 F.2d 1317, 1321 (9th Cir.1991). Prior to the enactment of section 554, a trustee's knowledge of an unscheduled asset was sufficient to abandon the asset without notice and hearing. *Stanley v. Sherwin–Williams Co.*, 156 B.R. 25, 26 (W.D.Va. 1993), citing *In re Webb*, 54 F.2d 1065 (4th Cir.1932). If the procedures of Rule 6007 are not strictly followed, the court would be back to its former practice of attempting to ascertain a trustee's intention. *Id.* at 26.

■ Even after a case is closed, an estate continues to retain its interest in unscheduled property. One consequence of this principle is that a debtor may be unable to assert a cause of action after the bankruptcy if the cause of action was not scheduled. *In re Wilson*, 94 B.R. 886, 892 (Bankr.E.D.Va.1989). Therefore, before a debtor seeks to enforce such a cause of action, he may be required to reopen the bankruptcy case, in order to give the trustee an opportunity to pursue or abandon the cause of action. *In re Cundiff*, 227 B.R. 476 (6th Cir. BAP 1998).

■ Bankruptcy Rule 5010 provides that a bankruptcy case may be reopened on the request of a debtor to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Requests to reopen bankruptcy cases are within the discretion of the bankruptcy court and the court may rule upon a motion without hearing, absent a determination of necessity or request for hearing. *In re Jones*, 261 B.R. 479, 483 (Bankr. N.D.Ala.2001). The possibility that a trustee could realize assets for an estate by pursuing an unabandoned cause of action is sufficient cause to reopen a bankruptcy

case. *In re Winebrenner,* 170 B.R. 878, 882 (Bankr.E.D.Va.1994).

## III. CONCLUSION

Given the circumstances of the present case, any cause of action against Guido Piunti was considered abandoned on July 23, 2003, when the case was closed. The events giving rise to the cause of action against David S. Jenks occurred prior to the filing of the debtor's bankruptcy petition; therefore, this cause of action is an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541. Because the cause of action against David S. Jenks was not listed on the debtor's schedules in compliance with 11 U.S.C. § 521(a)(1), it remains an asset of the bankruptcy estate and has not been abandoned. The cause of action against David S. Jenks may have value for the estate; therefore, the trustee should be afforded an opportunity to examine this claim and either administer it or abandon it in accordance with the procedures set forth in the Bankruptcy Code.

Accordingly, the Debtor's motion to reopen his bankruptcy case is granted. The court will enter a separate order pursuant to Fed. R. Bankr.P. 9021.