**In re Mark Steven WILHELM and Regina Gaile Wilhelm, Debtors.**

No. 06–51747.

United States Bankruptcy Court, M.D. North Carolina, Winston–Salem Division.

June 8, 2007.

---

22. Judgment is entered in MERS' favor for the reasons set forth in footnote 8, *supra.*

William V. Bost, Salisbury, NC, for Debtors.

## ORDER DENYING DEBTORS' MOTION TO VACATE DISCHARGE

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

This matter came before the Court for hearing on May 30, 2007 upon the Debtors' Motion to Vacate Discharge. William V. Bost appeared on behalf of the Debtors, Mark Steven Wilhelm and Regina Gaile Wilhelm, who were also present. After considering the Motion, the court finds that the Debtors' Motion should be denied.

The Debtors filed a case under Chapter 7 of the United States Bankruptcy Code on December 13, 2006. On their Statement of Intention, the Debtors indicated that they intended to reaffirm their debts to Sharonview Federal Credit Union secured by a 1994 Jeep Cherokee and a 2004 Nissan Xterra. The Debtors received a discharge was on March 15, 2007. The Debtors failed to file reaffirmation agreements prior to the entry of their discharge. On May 9, 2007, the Debtors filed a motion to vacate their discharge for the limited purpose of entering into two reaffirmation agreements with Sharonview Federal Credit Union.[1]

█ Section 524(c)(1) of the Bankruptcy Code provides in relevant part:

(c) An agreement between a holder of a claim and the debtor, the consideration

for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

Pursuant to Section 524(c), a reaffirmation agreement must be made prior to the entry of the order of discharge to be enforceable. Reaffirmation agreements entered into after the granting of a debtor's discharge have no legal significance. *See In re Graham*, 297 B.R. 695 (Bankr. E.D.Tenn.2003); *In re Pettet*, 271 B.R. 855 (Bankr.S.D.Ind.2002); *In re Gibson*, 256 B.R. 786 (Bankr.W.D.Mo.2001). A debtor who is unable to complete a reaffirmation agreement in the time required may, however, delay the entry of the order of discharge by requesting an extension pursuant to Rule 4004(c)(2).

█ Reaffirmation agreements are generally not favored by courts as they are contrary to one of the primary goals of the Bankruptcy Code: to provide a debtor with a fresh start. Furthermore, the requirements of § 524(c) are clear and must be strictly construed. *In re Lee*, 356 B.R. 177 (Bankr.N.D.W.Va.2006) (citations omitted). Accordingly, numerous courts, with which this court agrees, have found that it is improper to vacate an order of discharge to allow the debtor to enter into a reaffirmation agreement. *See, e.g., In re Stewart*, 355 B.R. 636 (Bankr.N.D.Ohio 2006) (holding that the court could not use its equitable powers under § 105 to vacate a discharge order for the purpose of allowing a debtor to enter into a reaffirmation

1. The Debtors have since indicated to the court that they wish to withdraw one of the two reaffirmation agreements.

agreement); *In re Rigal,* 254 B.R. 145, 148 (Bankr.S.D.Tex.2000) (rejecting the argument that the court had the authority to revoke a discharge for the purpose of entering into a reaffirmation agreement under Federal Rule of Bankruptcy Procedure 9024); *In re Brinkman,* 123 B.R. 611 (Bankr.N.D.Ind.1991) (finding that a debtor's wish to reaffirm a debt was not cause for the revocation of a discharge pursuant to § 727(d)). *But see In re Edwards,* 236 B.R. 124 (Bankr.D.N.H.1999) (vacating of discharge to permit enforceable reaffirmation agreement permissible under certain circumstances).

Based upon the foregoing, the court finds that the Debtors' Motion must be DENIED.