**In re Jeffrey Allen HAMLETT and Cynthia Leonard Hamlett, Debtors.**

**No. 01–81808C–7D.**

United States Bankruptcy Court, M.D. North Carolina, Durham Division.

July 7, 2003.

Benjamin A. Kahn, Greensboro, NC, for creditor.

John T. Orcutt, Raleigh, NC, for debtors.

Sara A. Conti, Carrboro, NC, trustee.

## MEMORANDUM OPINION

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on May 22, 2003, for hearing upon a motion by the Debtors to reopen this case. Edward C. Boltz appeared on behalf of the Debtors and Benjamin A. Kahn appeared on behalf of Duke Energy Corporation ("Duke Energy"), who opposed the motion. Also appearing at the hearing was Sara A. Conti, the Chapter 7 trustee in this case prior to the closing of the case, who supported the motion. Having considered the motion, the objection filed by Duke Energy, the evidence offered at the hearing, the authorities cited by the parties and the arguments of counsel, the court finds and concludes as follows:

### FACTS

According to the testimony of the male Debtor, he was seriously injured on November 7, 2000, when he stepped in a hole located near a Duke Energy power pole. Attorney John J. Padilla was employed by the male Debtor to represent him in making a claim against Duke Energy for the damages resulting from the injuries allegedly sustained on November 7, 2000. On April 20, 2001, Mr. Padilla sent a demand letter to Duke Energy notifying Duke Energy that he would be asserting a claim for damages against Duke Energy on behalf of the male Debtor and that he would forward a settlement package to Duke once the male Debtor had completed his medical treatment.

Approximately two months later, on June 20, 2001, the Debtors filed this voluntary Chapter 7 case. The schedules and statement of financial affairs filed by the Debtors in this case did not list or otherwise disclose that the male Debtor had a pending tort claim against Duke Energy. On July 16, 2001, the Chapter 7 trustee who was appointed in this case filed a report of no distribution stating that the Debtors did not have property or money available for distribution. On September 17, 2001, the Debtors were granted a discharge and on September 28, 2001, a final decree was entered closing this case.

The male Debtor continued to pursue the claim against Duke Energy. However, before any lawsuit was filed by the male Debtor, Duke Energy learned of the Debtors' Chapter 7 filing. Counsel for Duke Energy then wrote to the male Debtor's attorney on December 2, 2002, stating that it was Duke's position that the male Debtor was estopped from bringing a claim against Duke Energy as a result of his failure to list the claim against Duke Energy on the bankruptcy schedules in this case.

On April 16, 2003, apparently as a result of Duke Energy's assertion of judicial estoppel, the motion to reopen case which is

now before the court was filed on behalf of the Debtors. The motion states that the male Debtor's "personal injury claim was an asset of the Debtors' Chapter 7 bankruptcy estate, but the Debtors did not understand that this personal injury claim was an asset and accordingly did not disclose its existence or assert an exemption in said claim." The motion further states that the reopening of this case "is necessary to afford the Debtors the opportunity to amend their schedule of exemptions and property schedule to include said Personal Injury Claim and to give the Chapter 7 Trustee opportunity to object to said exemptions."

On May 19, 2003, Duke Energy filed a response and objection to Debtors' motion to reopen case in which Duke Energy argues that the male Debtor's failure to disclose was not inadvertent and that the motion to reopen should be denied because the male Debtor is barred by judicial estoppel from asserting a claim against Duke Energy.

## DISCUSSION

■ The motion to reopen was filed pursuant to § 350 of the Bankruptcy Code. Under § 350(b) a bankruptcy case may be opened "to administer assets, to accord relief to the debtor, or for other cause." In the Fourth Circuit whether a case should be reopened pursuant to § 350(b) depends upon the particular circumstances of the case and the decision whether to do so is committed to the discretion of the court. See Hawkins v. Landmark Finance Co., 727 F.2d 324, 326 (4th Cir. 1984). And it is generally recognized that a bankruptcy court does not abuse its discretion when it reopens a closed case to administer a newly-discovered asset and, in fact, may have a duty to do so. See In re Mullendore, 741 F.2d 306, 308 (10th Cir.1984); In re Tarrer, 273 B.R. 724, 732

(Bankr.N.D.Ga.2001) ("More pertinent to this particular case is the notion that a bankruptcy court may in fact have a duty to reopen a case in which new assets have been discovered in order to ensure that the assets are administered for the benefit of the debtor's creditors."); In re Plumlee, 236 B.R. 606, 610 (E.D.Va.1999).

The court has concluded in the present case that the discretion vested in the court under § 350(b) should be exercised in favor of reopening this case because, without regard to whether the Debtors' failure to list the tort claim against Duke Energy was inadvertent and innocent as asserted by the Debtors or involved concealment and bad faith as asserted by Duke Energy, the claim was and remains property of the estate in this Chapter 7 case. As such the tort claim should be administered in accordance with applicable bankruptcy law. The first step in doing so is to reopen this case and provide for the re-appointment of the Chapter 7 trustee to deal with the administration of the newly-discovered asset.

### 1. The Tort Claim Became Property of the Estate.

■ Under § 541(a) of the Bankruptcy Code, the commencement of a bankruptcy case results in the creation of a bankruptcy estate that includes all legal or equitable property interests of the debtor, except as provided in subsections (b) and (c)(2). The estate created pursuant to § 541 includes causes of action belonging to the debtor at the time the case is commenced, including causes of action or claims for personal or bodily injury. See Tignor v. Parkinson, 729 F.2d 977, 981 (4th Cir.1984) ("The debtor's claims for injuries to the person, whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankruptcy estate

as of the commencement of the case."). *In accord Integrated Solutions, Inc. v. Service Support Specialties, Inc.,* 124 F.3d 487, 490–91 (3d Cir.1997); and *Wischan v. Adler,* 77 F.3d 875, 877 (5th Cir.1996). *See generally* 5 COLLIER ON BANKRUPTCY ¶ 541.08 (15th ed. rev.2003). It is undisputed that Debtor's tort claim against Duke Energy had arisen and existed when this case was filed on June 20, 2001. Therefore, pursuant to § 541(a) of the Bankruptcy Code the tort claim became property of the bankruptcy estate when this case was commenced.

### 2. The Tort Claim Has Not Been Abandoned.

■ The current status of the claim against Duke Energy is controlled by § 554 of the Bankruptcy Code. Under § 554(c), unless the court orders otherwise, any property scheduled under § 521(1) and not otherwise administered at the time of the closing of a case is abandoned to the debtor and deemed administered for purposes of § 350 of the Bankruptcy Code. However, the operation of this provision is limited to property that is properly scheduled by the debtor and property which is owned by the debtor but not scheduled, is not abandoned when the case is closed. *See Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir.1995) ("in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property pursuant to 11 U.S.C. § 521(1) before the close of the case"); *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir.1991). *See generally* 5 COLLIER ON BANKRUPTCY ¶ 554.03 (15th ed. rev.2003). It follows that the unscheduled tort claim against Duke Energy was not abandoned to the debtor when this case was closed.

### 3. The Tort Claim Remains Property of the Estate.

■ Under § 554(d), "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." Hence, rather than being abandoned when the case is closed, unscheduled property remains property of the estate pursuant to § 554(d) after the case is closed. *See Jeffrey v. Desmond,* 70 F.3d at 186 n. 3; *In re Haralambous,* 257 B.R. 697, 699 (Bankr. D.Conn.2001); *In re Peebles,* 224 B.R. 519, 520 (Bankr.D.Mass.1998); *Stanley v. Sherwin–Williams Co.,* 156 B.R. 25, 26 (W.D.Va.1993); *In re Anchorage Nautical Tours, Inc.,* 145 B.R. 637, 642 (9th Cir. BAP 1992). Not having been abandoned when this case was closed, the claim against Duke Energy remains property of the estate in this case.

### 4. The Duke Energy Objection Should Be Overruled as to Reopening.

■ In its objection, Duke Energy relies upon the doctrine of judicial estoppel which "is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir.2001). According to Duke Energy, the doctrine is applicable because of the inconsistency of the male Debtor filing his bankruptcy case and, in effect, representing in the bankruptcy court that he had no claims, while maintaining outside the bankruptcy court that he has a claim against Duke Energy worth over $2,000,000.00. Duke Energy argues that the male Debtor therefore "should be judicially estopped from asserting any undisclosed claim against Duke for the alleged injury." Duke Energy argues that the

Debtors should not be permitted to benefit from the non-disclosure and that this case should not be reopened because to do so would set a precedent that would severely undermine the bankruptcy process and encourage debtors only to disclose assets if they are caught concealing assets. Underlying this argument and the decisions cited by Duke Energy which support this argument is the mistaken assumption that just because the bankruptcy case is reopened, the non-disclosed asset will be exempted and the debtor thereby benefitted. Whether a non-disclosed asset ultimately may be exempted by the debtor is a separate question from whether the case should be reopened to administer the previously undisclosed asset, and is controlled by totally different considerations. In fact, the principles that control whether a previously non-disclosed asset may be exempted by the debtor take into account and satisfy the policy concerns cited by Duke Energy in arguing that the case should not be reopened. Thus, it is a well-established principle of bankruptcy law that amendments to exemptions may be denied upon a showing of bad faith such as concealment of the asset sought to be exempted on the part of the debtor seeking to exempt a previously non-disclosed asset or upon a showing of prejudice to creditors or other parties in interest. *See Matter of Yonikus*, 996 F.2d 866 (7th Cir.1993); *In re Clark*, 274 B.R. 127 (Bankr.W.D.Pa. 2002). Because the legitimate policy concerns regarding not encouraging debtors to hide assets are adequately addressed by bankruptcy law, there is no reason to adopt an argument that ignores the interest of the creditors in this case and would result in a windfall victory for Duke Ener-

gy with respect to the tort claim. Therefore, the objection will be overruled. However, the court will do so without prejudice to the grounds stated in the objection being raised in opposition to the male Debtor amending his exemptions to include the Duke Energy claim by any party having standing to do so.

> 5. A Trustee is Needed to Administer The Estate in the Reopened Case.

If the male Debtor attempts to amend his exemptions to include the claim against Duke Energy as exempt property, a trustee will be needed to represent the estate in deciding whether and to what extent that any such amendment to Debtor's exemptions should be opposed. On the other hand, if the male Debtor is not entitled to exempt the claim because of bad faith or prejudice to creditors or if he is not entitled to exempt the entire amount of any recovery from Duke Energy under the applicable North Carolina exemption statute,[1] then a trustee will be needed to administer the claim. Under § 323 of the Bankruptcy Code the trustee in a Chapter 7 case is the representative of the estate and is the only party with standing to prosecute or pursue claims that constitute property of the estate. *See National American Ins. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir.1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim."); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir.1988) (only the trustee had the authority to settle and release a personal

---

1. Under N.C. Gen.Stat. § 1C–1601(a)(8), exempt property includes "[c]ompensation for personal injury or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation."

injury claim that was property of the bankruptcy estate); *In re Louden*, 106 B.R. 109, 112 (Bankr.E.D.Ky.1989) ("It is the trustee and only the trustee who may, in the exercise of his sound discretion, attempt to reduce to judgment causes of action which are the property of the debtor's estate."). Thus, to the extent that the tort claim remains property of the estate and proves to be meritorious, a trustee will be needed to pursue the claim for the benefit of the creditors and any other parties entitled to share in the estate in this case.

### 6. Conclusion.

Based upon the foregoing findings and conclusions, the objection by Duke Energy shall be overruled and the motion to reopen this case shall be granted. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

### ORDER

In accordance with the memorandum opinion filed contemporaneously herewith, it is ORDERED, ADJUDGED AND DECREED as follows:

(1) The objection filed on behalf of Duke Energy Corporation is overruled;

(2) The motion to reopen is granted and this case is hereby reopened;

(3) A trustee is needed to protect the interests of creditors and to insure efficient administration of the case and Sara A. Conti is hereby re-appointed as Chapter 7 trustee in this case and her blanket bond is hereby adjudged to be a sufficient bond in this case;

(4) The Debtors are allowed fifteen days within which to file amended schedules and statement of affairs and to serve any such amendment upon the trustee, the creditors and other parties in interest in this case; and

(5) The Trustee and any other party with standing to do so shall have thirty days from the filing of any amended schedules or statement of affairs within which to object to any exemption claimed by the Debtors in any assets added by Debtors in their amended schedules and statement of affairs.