**IN RE: Michael K. CIBELLA and Rosemary Cibella, Debtors.**

**CASE NUMBER 08–41807**

United States Bankruptcy Court, N.D. Ohio.

Signed November 17, 2016

ENTERED 11/18/2016

Eric James Ashman, Youngstown, OH, for Debtors.

## MEMORANDUM OPINION REGARDING PROPERTY OF THE BANKRUPTCY ESTATE

Kay Woods, United States Bankruptcy Judge

On June 20, 2008 ("Petition Date"), Debtors Michael K. Cibella ("Michael") and Rosemary Cibella (collectively, "Debtors"), by and through counsel Eric James Ashman, Esq., filed a voluntary petition pursuant to chapter 7 of the Bankruptcy Code. Michael D. Buzulencia ("Trustee") was appointed chapter 7 trustee. The Debtors received a discharge on October 21, 2008 (Doc. 12). This case was closed on October 30, 2008 (Doc. 14).

■ On June 2, 2016, the Trustee filed Motion to Reopen Case (Doc. 15). The Court held a hearing on the Motion to Reopen Case on June 23, 2016, at which

the Trustee appeared. The Trustee stated he had been informed that Michael had received an offer of money relating to personal injury suffered by Michael when he was a minor child ("Personal Injury"). The Court granted the Motion to Reopen Case and entered Order to Reopen Case (Doc. 18) on that same date.[1]

Thereafter, the Trustee filed Request for Notice to Creditors (Doc. 22) on July 7, 2016. On July 10, 2016, Notice of Need to File Proof of Claim Due to Recovery of Assets ("Claim Notice") (Doc. 25) was sent to all creditors and parties in interest in this case. The Claim Notice set October 17, 2016 as the last date to file claims in this case. To date, only one timely claim—*i.e.*, Claim No. 1–1 filed by Discover Bank in the unsecured amount of $8,981.42—has been filed in this case.[2]

The Court had questions concerning whether (i) the Personal Injury cause of action constituted property of the bankruptcy estate under 11 U.S.C. § 541; and (ii) reopening this case would cause Michael further injury. This Court had considered what it believes to be a similar situation in *In re Wiery*, Case No. 05–46229, and had found that the personal injury cause of action and any money relating thereto were not property of the bankruptcy estate. *In re Wiery*, Case No. 05–46229, Docs. 36–37 (Bankr. N.D. Ohio Oct. 14, 2016). As a consequence, on November 1, 2016, the Court entered Order (Doc. 32), which required the Trustee to file a brief demonstrating why this Court's analysis in *Wiery* is or is not applicable in this case. In compliance with the Order, the Trustee filed, under seal, Trustee's

---

1. "The reopening of a case is a ministerial act, which 'lacks independent legal significance and determines nothing with respect to the merits of the case.'" *In re Oglesby*, 519 B.R. 699, 703 (Bankr. N.D. Ohio 2014) (quoting *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001)).

2. Because this case was originally deemed to be a "no asset" case, no creditor filed a proof of claim before the case was closed on October 30, 2008.

Brief in Response to Court Order ("Trustee's Brief") (Doc. 36).[3]

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 2012–7 entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. FACTS

The Trustee's Brief is based on the following facts:

1. Michael suffered the Personal Injury from approximately 1986 to 1990 when he was a minor child (from approximately 14 to 18 years of age).

2. The applicable statute of limitations in Ohio governing the Personal Injury cause of action ("Statute of Limitations") provided that a cause of action for the kind of personal injury suffered by Michael had to be filed no later than one year after Michael reached the age of majority (age 18).

3. The Statute of Limitations expired on September 21, 1990 when Michael turned 19 years of age.

4. Michael was barred from filing a lawsuit relating to the Personal Injury after September 21, 1990.

5. Michael never filed a lawsuit relating to the Personal Injury and no lawsuit was ever filed on behalf of Michael relating to the Personal Injury.

6. In 2006, the Statute of Limitations was amended to provide a 12–year period after reaching the age of majority to file a lawsuit based on the kind of personal injury suffered by Michael.

7. At the time the Statute of Limitations was amended in 2006, Michael was 34 years of age; thus, the amendment to the Statute of Limitations did not extend the time in which Michael could file a lawsuit relating to the Personal Injury.

8. When the Debtors filed this bankruptcy case on June 20, 2008, Michael could not assert a cause of action for the Personal Injury because the Statute of Limitations had expired on September 21, 1990.[4]

9. Michael may suffer ongoing and continuing emotional distress as a result of the Personal Injury.

## II. LEGAL ANALYSIS

 The Court finds that its reasoning and analysis in *Wiery* apply equally in this case. The Trustee's only argument that any money relating to Michael's Personal Injury constitutes property of the bankruptcy estate is that "the acts arising [sic] to the claim, such as it was, and any right to recovery for those acts, existed at the time the Bankruptcy was filed." (Trustee's Br. at 4.) As set forth below, however, pre-petition conduct or facts alone will not necessarily root a claim in the past such that it becomes property of the bankruptcy estate.

11 U.S.C. § 704(a)(1) provides, "(a) The trustee shall— (1) collect and reduce to

---

3. On November 10, 2016, the Trustee filed Motion for Leave to File Briefs [sic] Under Seal (Doc. 34), in which he requested authority to file his brief under seal. On November 11, 2016, the Court granted the motion and entered Order On Motion for Leave to File Briefs Under Seal (Doc. 35).

4. The Trustee's Brief states that the Statute of Limitations expired on February 19, 1990 (Trustee's Br. at 2), but the Court believes, based on the other facts in the Trustee's Brief, that this is a typo.

money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" 11 U.S.C. § 704(a)(1) (2016). Property of the bankruptcy estate is defined in 11 U.S.C. § 541:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> > \* \* \*
>
> > (6) Proceeds, product, offspring, rents, or profits of or from property of the estate . . . .

11 U.S.C. § 541(a)(1), (6) (2016).

The Trustee's duties are limited to administering property of the bankruptcy estate. The Trustee argues that, because the conduct that caused the Personal Injury to Michael occurred prior to the Petition Date, any money relating to the Personal Injury constitutes property of the estate. However, in order for any money relating to the Personal Injury cause of action to be property of the estate, the Personal Injury cause of action has to be property of the bankruptcy estate. Thus, the question before the Court is whether the Personal Injury cause of action constitutes property of the bankruptcy estate. For the following reasons, the Court finds that the Personal Injury cause of action is not property of the bankruptcy estate.

■ Whether a cause of action constitutes property of the bankruptcy estate depends on whether the debtor had an enforceable legal or equitable interest in

such cause of action as of the commencement of the bankruptcy case.

Under § 541(a) of the Bankruptcy Code, the commencement of a bankruptcy case results in the creation of a bankruptcy estate that includes all legal or equitable property interests of the debtor, except as provided in subsections (b) and (c)(2). The estate created pursuant to § 541 includes causes of action belonging to the debtor at the time the case is commenced, including causes of action or claims for personal or bodily injury.

*In re Hamlett,* 304 B.R. 737, 740 (Bankr. M.D.N.C. 2003) (emphasis added); *see also Holbrook v. Country Mut. Ins. Co. (In re Burnett),* 447 B.R. 634, 642 (Bankr. W.D. Okla. 2011) (citations and parentheticals omitted) (emphasis added) ("A debtor's bankruptcy estate includes all causes of action of the debtor, including without limitation, all claims for personal injury, which could have been brought on the petition date.").

To determine whether Michael had a legal or equitable interest in the Personal Injury cause of action as of the Petition Date, this Court first examines the definition of cause of action. A cause of action is "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person[.]" BLACK'S LAW DICTIONARY 266 (10th ed. 2014). A debtor may, however, be barred from asserting a cause of action by a statute of limitations, which is defined as "[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)[.]" *Id.* at 1636.

In *Tyler v. DH Capital Mgmt., Inc.,* 736 F.3d 455 (6th Cir. 2013), the Sixth Circuit

Court of Appeals addressed whether a cause of action arose when a lawsuit against the debtor was filed (pre-petition) or when the debtor was served (post-petition). The lawsuit against the debtor allegedly violated the Fair Debt Collection Practices Act ("FDCPA") when it attempted to collect a pre-petition debt. The court first held that it was not sufficient that the debt upon which the alleged FDCPA violation was based was pre-petition. "First, pre-petition conduct or facts alone will not 'root' a claim in the past; there must be a pre-petition violation." *Id.* at 462 (citations and parentheticals omitted). The court noted:

> Determining the time at which a cause of action becomes bankruptcy property is not straightforward. The nature and extent of property rights in bankruptcy are determined by the "underlying substantive law." *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). But "once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate" for the purposes of § 541. *Bavely v. United States (In re Terwilliger's Catering Plus, Inc.)*, 911 F.2d 1168, 1172 (6th Cir. 1990).

*Id.* at 461 (n.4 omitted) (emphasis added). The court held that the debtor had a pre-petition right to assert a cause of action when the lawsuit was filed; thus, the cause of action constituted property of the bankruptcy estate.

■ As set forth by the Sixth Circuit, "the nature and extent of property rights in bankruptcy are determined by the underlying substantive law"—in this case the laws of Ohio govern the cause of action for the Personal Injury. There is no dispute that the applicable Ohio Statute of Limitations barred Michael from filing a lawsuit for the Personal Injury after September 21, 1990—approximately 18 years prior to

the Petition Date. It is not enough that the conduct that inflicted and caused the Personal Injury occurred prior to the Petition Date. As of the Petition Date, because Michael could not pursue a claim for damages based on the Personal Injury, he did not possess a legal or equitable interest in the Personal Injury cause of action. Thus, the Personal Injury cause of action did not and cannot constitute property of the estate under 11 U.S.C. § 541. This Court concludes that, as of the Petition Date, the Personal Injury cause of action was not property of the bankruptcy estate.

Furthermore, any money that presently may be payable to Michael relating to the Personal Injury is not and cannot be property of the estate because any such payment cannot constitute a settlement of or an award of damages for the Personal Injury cause of action. The reasoning of the bankruptcy court in *In re Vanwart*, 497 B.R. 207 (Bankr. M.D.N.C. 2013) is instructive on this point. In the *Vanwart* case, the bankruptcy court had to determine if a $25,000.00 payment from the debtors' mortgage company, which the debtors received post-petition, was property of the bankruptcy estate. The mortgage company had filed and dismissed a foreclosure action against the debtors in 2009; the same mortgage company foreclosed on the debtors' residence and sold the property in 2011. The debtors filed their bankruptcy petition in 2013 and received the $25,000.00 payment several months thereafter. There were two enforcement actions brought by the government against the mortgage company and consent decrees were reached in 2011 and 2013 that paid the debtors and others. However, there was no admission of liability by the mortgage company or a requirement that receipt of payment ended any rights against the mortgage company. To determine if the payment constituted property of the

estate, the court had to consider the basis for the payment. The court reasoned:

> Here, the debtors' bankruptcy case commenced on January 25, 2013, when the debtors filed their voluntary chapter 7 petition. The $25,000.00 was received postpetition on April 12, 2013. If the debtor held a legal or equitable interest in the property at the commencement of the case, the payment is property of the estate.... The court concludes that in this case, it is not.

Although the debtors' qualification to receive the payment is based upon the first foreclosure action, initiated on September 17, 2009 and dismissed on December 14, 2009, the payment was not sufficiently rooted in that action as to render the payment property of the estate. While a bankruptcy estate includes "causes of action" belonging to the debtor at the time the case is commenced, *In re Hamlett*, 304 B.R. 737, 740 (Bankr. M.D.N.C. 2003), that analysis is inapplicable here because there is no indication that the debtors were wrongfully foreclosed upon or have some other cause of action against SunTrust Mortgage. The 2013 consent order and the letter the debtors received with the payment explicitly state that the payment is in no way an admission of liability or wrongdoing on SunTrust Mortgage's behalf, nor does acceptance of the payment by the debtors foreclose their ability to bring a cause of action against SunTrust Mortgage. Furthermore, the foreclosure action which made the debtors eligible as part of the In-scope Borrower Population was voluntarily dismissed without prejudice. The actual completed foreclosure, initiated on June 23, 2011, did not occur within the dates targeted by the enforcement action: January 1, 2009 to December 31, 2010. Neither of the foreclosure actions have been alleged to have been deficient in any manner. Ulti-

> mately, the SunTrust entities, possibly for their own convenience, decided to forego the Independent Foreclosure Review that would have identified specific deficient foreclosure actions, and opted instead to make blanket payments to the entire In-scope Borrower Population. Therefore, the $25,000.00 payment was not related to a cause of action held by the debtors at the time of the commencement of the bankruptcy case.

*Id.* at 212 (emphasis added).

Similarly, in the present case, it appears that some entity is offering or may offer Michael a payment relating to the Personal Injury. Because Michael had no legally enforceable cause of action based on the Personal Injury as of the Petition Date and presently has no such rights, any present offer of payment cannot be in settlement of or an award for damages based on any Personal Injury cause of action. As of the Petition Date, there was no offer of payment from any entity relating to the Personal Injury and Michael did not and could not have had any legal or equitable interest in an offer of payment that did not exist at that time. As a consequence, any current offer of money to Michael relating to the Personal Injury is not property of the estate.

In *Wiery*, this Court had asked the parties to brief several issues, including public policy considerations concerning whether the Trustee should abandon any causes of action based on the minority of the debtor when the alleged injuries occurred. The Court's decision in *Wiery* did not address and was not based on any public policy considerations. Instead, the legal analysis was identical to the analysis in this case that the debtor had no legal or equitable interest in a similar personal injury cause of action as of the petition date.

The Trustee argues that Michael's claim "is not so personal to him that it is excluded from the Estate on public policy grounds[.]" (Trustee's Br. at 2 (citations omitted).) Having concluded that the Personal Injury cause of action is not property of the estate, the Court need not and will not address any public policy considerations.

The Trustee notes one distinction between the present case and the facts in *Wiery*. In *Wiery*, no creditor timely filed a proof of claim. In this case, one timely claim has been filed. The Trustee believes that the Court wrongly decided *Wiery* but, because there were no claims to administer in that case, the Court's determination that the personal injury cause of action did not constitute property of the bankruptcy estate did not prejudice anyone. In the present case, the Trustee implies that, since one creditor filed a claim, the Court's analysis should change. The Court did not decide *Wiery*—and does not decide this case—based on the number of claims filed. Many bankruptcy cases are "no asset" cases. In theory, creditors are always prejudiced when there are no assets in the bankruptcy estate to administer. This kind of prejudice, however, cannot change the legal analysis concerning what comes within the definition of property of the estate under 11 U.S.C. § 541.

Moreover, although the Trustee states that he believes *Wiery* was wrongly decided, he does not point to any error on the part of the Court or articulate why the decision was wrong. He merely relies on the fact that the tortious conduct that caused the Personal Injury occurred prior to the Petition Date. The Trustee makes no attempt to discuss how Michael had a legal or equitable interest in the Personal Injury cause of action when he had no ability to pursue that cause of action as of the Petition Date. A debtor's legal or equitable interest in property is a necessary requirement for such property to constitute property of the bankruptcy estate under 11 U.S.C. § 541.

## III. CONCLUSION

As set forth above, the Court finds that the Trustee has no right to administer any money that may be payable or paid to Michael relating to the Personal Injury because any such payment is not and cannot constitute property of the estate, as defined in 11 U.S.C. § 541.

An appropriate order will follow.

**IT IS SO ORDERED.**

**ORDER (i) FINDING PERSONAL INJURY CAUSE OF ACTION AND ANY MONEY RELATING TO THE PERSONAL INJURY ARE NOT PROPERTY OF THE BANKRUPTCY ESTATE; AND (ii) REQUIRING TRUSTEE TO FILE FINAL REPORT WITHIN 14 DAYS**

For the reasons set forth in the Court's Memorandum Opinion Regarding Property of the Bankruptcy Estate entered on this date, the Court hereby finds:

1. The Personal Injury cause of action is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541; and

2. Any money payable to Michael relating to the Personal Injury is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

The Trustee is hereby ordered to file a final report within fourteen (14) days after entry of this Order so the Debtors' case can be closed.